### HEBARD v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 22, 1910.)

REFERENCE (§ 76*)—RIGHT OF REFEREE TO FEES.

  Ordinarily a referee's right to fees does not accrue until he has completed the reference and filed his report, and no fee is recoverable where the referee dies before the completion of the reference, so that all that was done by him goes for nothing; no advantage accruing therefrom to either party.

  [Ed. Note.—For other cases, see Reference, Dec. Dig. § 76.*]

Appeal from Special Term, New York County.

Action by George W. Hebard, executor and trustee under the will of Marcelus Hartley, against the City of ·New York. From an order granting a motion for a retaxation of costs, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Theodore Connoly, for appellant.

Edward W. S. Johnston, for respondent.

SCOTT, J. This is an appeal from an order granting a retaxation of costs. The action was referred, by consent, to a referee, who died after holding a number of sessions, but who had not at the time of his death completed the reference or made a report. Thereafter defendant moved for leave to amend its answer, and was permitted to do so, upon payment of taxable costs. The plaintiff attempted to tax, as part of the costs, a fee for the deceased referee, which the clerk refused to tax. It appeared that no fee had actually been paid to the referee, or his estate, and that specific demand for such a fee had been made. That fact, however, is not decisive of this motion. It is well settled, and is not disputed, that under ordinary circumstances a referee's right to fees does not accrue until he has completed the reference and filed or delivered his report. Little v. Lynch, 99 N. Y. 112, 1 N. E. 312; Russell v. Lyth, 66 App. Div. 290, 72 N. Y. Supp. 615; Bottome v. Neeley, 124 App. Div. 603, 109 N. Y. Supp. 120.

The allowance of the referee's fees is sought to be sustained under the rule that where one contracts to give personal services for a definite period, or until he has completed a particular piece of work, and is prevented by an inevitable cause, such as death, from rendering full performance, he will still be entitled to recover upon quantum meruit for the services actually rendered. Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388, is cited as authority for this proposition; but the principal opinion in that case was qualified by a concurring memorandum by Johnson, J., in which, as it is said, all the judges concurred, that:

"Quite a different question would be presented by a case where the services actually should prove valueless, as, e. g., if one should be retained to compose an original literary work, and, having faithfully employed himself in preparation, should die without having completed any work of value to the employer."

In the present case neither party could reap any advantage from the partial completion of his work by the referee, for his death terminated the reference, and all that was done by him goes for nothing; no advantage accruing therefrom to either party.

The order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.