### In re WATER SUPPLY OF CITY OF NEW YORK.

### CITY OF NEW YORK v. WATRISS et al.

(Supreme Court, Appellate Division, Second Department.   October 7, 1910.)

1. EMINENT DOMAIN (§ 230*)—CONDEMNATION PROCEEDINGS—COMPENSATION OF COMMISSIONERS—WHEN ALLOWED.

Laws 1905, c. 725, providing for the acquisition of property by the city of New York for water supply, and that the commissioners of appraisal shall receive as compensation such amount as is taxed by the court upon notice to the corporation counsel, does not repeal Greater New York Charter (Laws 1901, c. 466) § 265, as amended by Laws 1902, c. 84, providing that the commissioners in special proceedings to acquire land by the city of New York shall not receive their compensation till their report is confirmed, and therefore the commissioners of appraisal in condemnation proceedings could not obtain their compensation before report and confirmation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

2. EMINENT DOMAIN (§ 230*)—COMMISSIONERS—COMPENSATION.

The office of commissioner of appraisal in condemnation proceedings instituted by the city of New York is similar to that of a referee, and hence he is not entitled to compensation until he has made his report.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

3. WORK AND LABOR (§ 14*)—PERSONAL SERVICES NOT FULLY PERFORMED—RECOVERY ON THE QUANTUM MERUIT.

Where one contracts to render personal services for a definite period, but is prevented by an inevitable cause from rendering full performance, he may nevertheless recover upon a quantum meruit for his services rendered, provided they are of value to the party receiving them.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. § 14.*]

Appeal from Special Term, Nassau County.

In the matter of the application of the City of New York to acquire certain real estate against Frederic N. Watriss and others. From an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order allowing commissioners' compensation to defendants, plaintiff appeals.  Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Edward H. Wilson (James D. Bell, on the brief), for appellant.
Phelan Beale, for respondents.

WOODWARD, J.  The above-entitled proceeding was brought under the provisions of the Greater New York charter to condemn a strip of land in Nassau county.  The respondents were appointed commissioners of appraisal by an order dated December 11, 1908, and their oaths as such commissioners were filed in the office of the county clerk of Nassau county on the 14th day of December of that year.  On the 30th of December, 1908, the commissioners organized, and on the 9th of January, 1909, the first meeting was held for the transaction of business.  There are about 350 damage parcels involved in the proceeding, and the commissioners have taken over 5,000 pages of testimony, and have received over 600 exhibits, and they have taken evidence at 78 actual sessions of the commissioners.  The claimants finished their case on the 4th of November, 1909, and the city of New York commenced its case on that date and terminated it on the 11th day of February, 1910.  Of the cases before them the commissioners have reported upon four parcels, this being done for the purpose of bringing up for adjudication certain questions of law, which are now pending at Special Term.  With matters in this situation the respondents (the commissioners of appraisal) asked the court for an order fixing their compensation up to a certain date, and such order has been granted, fixing the compensation of each commissioner at $4,000, to include all disbursements, up to the 1st day of March, 1910.  The city of New York appeals from this order, urging that the court is without power to make such an award prior to the completion of the work and confirmation of the report, and that it would be an abuse of discretion to permit the award to stand.

It is not disputed that section 265 of the Greater New York charter (chapter 466, Laws 1901, as amended by chapter 84, Laws 1902) provides that:

"No bills of costs for fees of commissioners in and about special proceedings instituted for the acquisition of the title to lands required by the city of New York for public purposes, shall, unless the same be payable by law from the fund for street and park openings, be taxed by the Supreme Court prior to the confirmation of the report of the commissioners appointed in such proceeding."

But it is urged that in some way this positive inhibition of the statute has been overcome by the provisions of chapter 725, Laws 1905. We had this latter act under consideration in Matter of City of New York (Town of Hempstead), 125 App. Div. 219, 109 N. Y. Supp. 652, and we there held that it did not operate to repeal those provisions of the charter of the City of New York which had to do with the compensation to be paid in relation to the securing of a water supply, and no reason suggests itself why we should not now hold that the provisions of chapter 725, Laws 1905, do not operate to repeal the provi-

sions of section 265 of the charter. The office of commissioner to determine the value of property taken under the power of eminent domain is very similar to that of a referee, and it is well settled that, under ordinary circumstances, a referee's right to fees does not accrue until he has completed the reference and filed or delivered his report. Little v. Lynch, 99 N. Y. 112, 1 N. E. 312; Russell v. Lyth, 66 App. Div. 290, 72 N. Y. Supp. 615. It is true, of course, that where one contracts to give personal services for a definite period, or until he has completed a particular piece of work, and he is prevented, by an inevitable cause, such as death, from rendering full performance, he will still be entitled to recover upon a quantum meruit for the services actually rendered (Hebard v. City of New York, 137 App. Div. 752–753, 122 N. Y. Supp. 628), but even this rule is subject to the condition that the services rendered shall be of value to the party receiving them (Wolfe v. Howes, 20 N. Y. 197, 75 Am. Dec. 388). The valuable part of the services rendered by commissioners is the final report, the determination on which the rights of parties depend. All the remainder is preliminary to the report, necessary to reach a result, but of no value until the result is reached. Under the provisions of the order now under consideration, the commissioners could draw their $4,000 each and never complete their report, and the valuable part of their services to the city of New York and the claimants in the present proceeding would be entirely lacking. We do not think there is any ground for paying commissioners in condemnation proceedings until the services are completed by the rendering of a report and the confirmation thereof. Any other rule would subject the municipality and claimants to the risks of commissioners dying or refusing to act after large expenses had been incurred, and we do not think it was ever contemplated by the Legislature that this condition should be allowed. It is not claimed that any positive statute ever provided for such payments, and we know of no case of controlling authority which has ever sanctioned such practice. It is true that in some cases, where the commissioners have made their report upon certain parcels, the court has permitted the payment of the compensation earned upon such parcels. But that is not the case here. The order simply audits the bill for services up to a given date, leaving the further performance of services in the completion of the report to be provided for later, and we are clearly of the opinion that there is no warrant in law for such an order.

The order appealed from should be reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.