(71 Misc. Rep. 175.)

## TOPIA MINING CO. v. WARFIELD.

(Supreme Court, Special Term. New York County.  March, 1911.)

REFERENCE (§ 45*)—REMOVAL OF REFEREE—GROUNDS.

Where a referee requests payment of part of his fees before he is entitled thereto, and one of the parties complies with the request, the other party, who does not comply, is placed at a disadvantage, and on his motion the referee will be removed.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 45.*]

Action by the Topia Mining Company against Lewis Warfield.  On motion to remove referee.  Granted.

William Harman Black, for plaintiff.

Underwood, Van Vorst & Hoyt, for defendant.

George Edwin Joseph, for referee.

PAGE, J.  Shortly after the commencement of the hearings before the referee, the parties stipulated upon the record that the statutory fee of $10 be waived and that the referee receive $10 per hour or fraction of an hour in each session, the costs to be taxed by the successful party against the other.  After the reference had proceeded for a year and a half, the referee wrote to the attorneys for the respective parties, requesting each party to send him $500 on account of his fees. The plaintiff complied with this request, and promptly sent his check for that amount to the referee.  The defendant declined, calling attention to the fact that the stipulation called for the referee's compensation to be paid by the successful party.  Upon inquiry, the referee informed the defendant's counsel that the plaintiff had made the payment requested.  Thereupon the defendant makes this motion for the removal of the referee.  On the hearing the court suggested that, as a large amount of testimony had been taken, the parties should stipulate that the testimony so far taken should stand, but not the rulings· of the referee; and decision of the motion has been withheld to enable such a stipulation to be made.  It appears, however, that the parties have been unable to agree.

The referee, at the time he requested a payment on account, had no right to his fees.  It is well settled that, under ordinary circumstances, a referee's right to fees does not accrue until he has completed the reference and filed or delivered his report.  Hebard v. City of New York, 137 App. Div. 752, 122 N. Y. Supp. 628, and cases there cited. The stipulation in this case expressly provided that they were to be paid by the successful party, thus clearly showing that they were not payable until the final determination of the reference.  The request for the payment put the defendant in an embarrassing and disadvan-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tageous position. While it may be that the referee could, as he claims, fairly determine the questions, uninfluenced by the fact that the plaintiff had complied with his request and the defendant had not, it cannot be said that others may not fairly doubt it. No such doubt should be allowed to exist in the absolutely fair and unbiased judgment of a judicial officer. It would be manifestly improper to compel the defendant to proceed and submit his case to the determination of this referee.

The motion will therefore be granted, the referee removed, and Edward Sandford, of 26 Exchange Place, appointed referee in his place and stead. No costs. Settle order on notice.

Motion granted.