TOPIA MINING CO. v. WARFIELD (three cases).

(Supreme Court, Appellate Division, First Department. June 9, 1911.)

1. REFERENCE (§ 45*)—REMOVAL OF REFEREE—GROUNDS.

That a referee asked the parties to advance money on account of his fees warranted his removal, especially since one of them complied and the other refused, or was unable to do so, though the referee had no improper motive.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 72; Dec. Dig. § 45.*]

**2. REFERENCE (§ 45*)—REMOVAL OF REFEREE—CONDITIONS.**

  Removal of a referee, for asking the parties to advance money on account of his fees, was properly made on condition that the testimony taken before him of witnesses since removed from the jurisdiction may be read before the substituted referee, subject to objection as to competency or relevancy.

  [Ed. Note.—For other cases, see Reference, Cent. Dig. § 72; Dec. Dig. § 45.*]

Appeal from Special Term, New York County.

Actions by the Topia Mining Company against Lewis Warfield. From orders (129 N. Y. Supp. 887) removing J. Sidney Bernstein as referee, but imposing a condition thereon, and from an order refusing to resettle the order of removal, defendant and said referee appeal. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

George Gordon Battle, for appellant Warfield.

Morgan J. O'Brien and George E. Joseph, for appellant Bernstein.

Julius M. Mayer, for respondent.

SCOTT, J. [1] The court below was quite justified in removing the referee, and, in view of the precedents in this court, could scarcely have done otherwise. Smith v. Dunn, 94 App. Div. 429, 88 N. Y. Supp. 58; Fortunato v. Mayor, etc., 31 App. Div. 271, 52 N. Y. Supp. 872. We do not attribute to the referee any improper motive in asking each party to the litigation before him to advance a sum on account of his fees. It was doubtless only injudicious, but it was none the less improper. Nor do we believe that the refusal or inability of one of the parties to make the proposed advance would, in fact, have prejudiced the referee against him. But the party so refusing might not be so certain, especially if the decision finally went against him. A referee stands in the place of the court, and it is as essential that litigants before him should be assured of his absolute impartiality as it is that litigants before the court should feel an assurance of its impartiality. What was said in Smith v. Dunn, supra, may be repeated here:

  "To justify the granting of this application, it is not necessary that we should find that the referee was prejudiced, or that any one of his acts showed prejudice against these defendants; but when he asked these parties to consent that his compensation be in excess of that allowed by law (to pay in advance a portion of a fee as yet unearned) he placed himself in a position which allowed a party refusing that consent to feel that, as he had stood in the way of the referee receiving a pecuniary advantage, the fact of the refusal would influence the referee in his action during the litigation."

The plaintiff's attorney is not wholly free from responsibility for the condition which has been created, although we have no intention of attributing any improper motive to him. It would have been better, however, when he received what is certainly an unusual request, to have conferred with the defendant's attorney, instead of immediately paying the referee the sum demanded. If he had so conferred, the

parties could and should have agreed, either that both would pay, or that neither·should.

[2] We are also of the opinion that the court was right in imposing as a condition of granting the motion for the removal of the referee that the testimony taken before the removed referee of witnesses now beyond the jurisdiction of the court might be read or given in evidence before the substituted referee, subject to legal objection as to competency or relevancy. It would be a great hardship to the plaintiff to require all this evidence to be taken over again, and there seems to be no necessity for doing so. It is suggested that the new referee should have the parties before him, but that result would not be assured by striking out that portion of the order permitting this evidence to be read, because as they are without the jurisdiction of the court their evidence might be taken on commission.

The order denying defendant's motion to resettle the order of removal was within the discretion of the justice, and the appeal from it presents no question requiring consideration.

The orders appealed from are affirmed, with $10 costs and disbursements against the defendant on each appeal, and without costs against the referee. All concur.