AMENT v. SCHUBERT PIANO CO.

(Supreme Court, Appellate Division, First Department. April 20, 1916.)

1. REFERENCE ⬦⟿45—REMOVAL OF REFEREE—ASKING SECURITY.

The requesting of security for fees by the parties to a reference by a referee before his decision justifies his removal, especially where one party states he is unable to comply.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 72; Dec. Dig. ⬦⟿45.]

⬦⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. REFERENCE ☞45—REMOVAL—FEES.
    Demanding and receiving his fees from one party by a referee before
    the reference was completed warrants his removal.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. § 72; Dec. Dig.
    ☞45.]

3. REFERENCE ☞76(1)—COMPENSATION OF REFEREE.
    Under ordinary circumstances a referee's right to his fees does not
    accrue until he has completed the reference and filed or delivered his
    report.
    [Ed. Note.—For other cases, see Reference, Dec. Dig. ☞76(1).]

Appeal from Special Term, New York County.

Action by Charles L. Ament against the Schubert Piano Company. From an order denying a motion to vacate an order of reference, plaintiff appeals. Reversed and rendered.

Argued before CLARKE, P. J., and LAUGHLIN, DOWLING, PAGE, and DAVIS, JJ.

Robert E. McLear, of New York City, for appellant.
Bertram L. Kraus, of New York City, for respondent.
Abraham B. Keve, of New York City, for referee.

PAGE, J. This motion, made by the plaintiff to remove a referee appointed to hear and determine the issues, is based principally upon two alleged acts of misconduct on the part of the referee:

First. That near the end of the trial, and after plaintiff had moved to amend his complaint to include further items of damage, which would probably involve the taking of over 1,000 pages of additional testimony, the referee called into another room both the plaintiff's and defendant's attorneys, and requested that both sides give security for the payment of the referee's and stenographer's fees. The plaintiff's attorney and the plaintiff, who was called in, stated that he could not give security. The defendant's attorney stated that his client would give security, if the plaintiff would. The matter was then dropped, as the plaintiff could not give the security, and the reference proceeded. The plaintiff decided not to amend the complaint. The plaintiff claims that the referee was prejudiced against him after this episode, and demonstrated the prejudice by his rulings on the evidence and in the matter of submitting briefs.

The second act of misconduct alleged is that the referee accepted his fee of $2,500 from the defendant before the reference was completed. In support of this charge it appears that on December 23, 1915, the referee announced his determination in the form of a written opinion, directing findings in accordance therewith to be submitted. The defendant on December 24th paid the referee his fee of $2,500. In his affidavit to justify his fee, the referee states that he devoted 15 hours to this case between that date and the 15th day of January, 1916, when the findings were signed.

[1-3] The request of the referee for security put the plaintiff in an embarrassing and disadvantageous position. While it may be that the referee was not influenced by the refusal of the plaintiff to give the

security demanded, although the defendant offered to give the security if the plaintiff would, it cannot be said that others may not fairly doubt it. No such doubt should be allowed to exist in the absolutely fair and unbiased judgment of a judicial officer. Smith v. Dunn, 94 App. Div. 429, 437, 88 N. Y. Supp. 58; Topia Mining Co. v. Warfield, 145 App. Div. 422, 129 N. Y. Supp. 1076. The demanding and receiving of his fees prior to the completion of his decision was even more reprehensible. It is well settled that under ordinary circumstances a referee's right to his fees does not accrue until he has completed the reference and filed or delivered his report. Hebard v. City of New York, 137 App. Div. 752, 122 N. Y. Supp. 628. He should not have requested nor accepted payment, so long as there remained any duty of a judicial nature for him to perform.

The motion should have been granted. The order will therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, removing the referee, and vacating and setting aside his report, and the matter remitted to the Special Term. All concur.