HENRY J. BAKER, Plaintiff, *v.* EDWARD U. RODDY, Defendant.

(County Court, Nassau County, October, 1916.)

Referee — to hear and determine — decision of referee not reviewable at Special Term — stenographer's fees — when motion to set aside referee's report granted.

A decision of a referee appointed to hear and determine the issues in an action is not reviewable at Special Term; the only remedy for an error made by him in deciding questions of law and of fact submitted to him is by an appeal.

Where a referee to hear and determine wrote to defendant's attorney that his report was ready for delivery upon payment of his and the stenographer's fees, and they were not paid, and the referee's report was not filed until sixty days thereafter, and defendant had filed requests to find, defendant's motion to set aside the report and decision of the referee and to vacate the order of reference will be granted.

The right of a referee to his fees does not accrue until he has completed the reference and filed or delivered his report.

MOTION to set aside the report and decision of a referee and to vacate the order of reference.

H. Willard Griffiths, for plaintiff.

Lincoln B. Haskin, for defendant.

VUNK, J. This is a motion to set aside the report and decision of the referee herein and to vacate the order of reference heretofore made in this action.

The referee was appointed by an order of the County Court to hear and determine all the issues in the action. Such order was made on the 20th day of June, 1915, and thereafter the reference proceeded and various hearings were had before the referee at his office. It appears that the last of these hearings was had on the 1st day of December, 1915. At the commencement of the hearings, upon the suggestion of the referee, and apparently with the consent of all parties, the stenographer regularly employed by the referee at his office was engaged to take the testimony and a stipulation was put upon the record that the stenographer should furnish to each of the attorneys a copy of the testimony as soon after each hearing as conveniently could be done.

On December twenty-ninth the referee wrote a letter to the defendant's attorney, as follows:

"MINEOLA, N. Y., *December* 29th, 1915.
" Mr. LINCOLN B. HASKINS,
"Hempstead, L. I.:
" *In re Baker* v. *Roddy.*

" DEAR SIR.— I beg to advise you that I have prepared my report as Referee in the above matter and the same is ready to be delivered upon payment of the Referee's fees amounting to $324 dollars. This amount is arrived at by charging for 12 days at $10 dollars per day and the testimony amounting to 1020 folios furnished the Referee at $.10 per folio and the same number of folios furnished to each of the attorneys at $.05 per folio.

"Yours very truly,
"HARRY W. MOORE.
"A"

The referee makes an affidavit used upon this motion that at the same time he sent a similar letter to the

attorney for the plaintiff. I do not find that he is corroborated in this by any affidavit produced on behalf of the plaintiff; however, in the view that I take of the matter, this does not seem to be important.

The next public record of the matter apparently is on March 16, 1916, when the referee's report and memorandum are filed in the office of the clerk of Nassau county. Such report bears date December 29, 1915, and the memorandum attached thereto is likewise dated December 29, 1915. I have examined the defendant's requests to find, and apparently there is nothing to show when they were passed upon by the referee. However, they apparently were filed in the office of the clerk of Nassau county on April 17, 1916.

In any event the attorney for the defendant makes affidavit that he did not know the decision made by the referee until March 9, 1916, and no affidavit is produced showing that he had any knowledge of the contents of the decision before that date. It follows that the defendant's requests to find were not forwarded at the time that the referee wrote the letter bearing date December 29, 1915, and certainly not for some considerable time thereafter.

The defendant and his attorney did not pay the amount demanded by the referee in his letter and thereafter the same was paid by the plaintiff and the report duly filed.

A referee to hear and determine takes the place of the court. His decision is not reviewable at Special Term, and, if he has made an error in deciding the questions of law and fact submitted to him, the only remedy for such error is by appeal. Code Civ. Pro. § 1228; *Bedford* v. *Hol-Tan Co.*, 140 App. Div. 284; *Maicas* v. *Leony*, 113 N. Y. 619.

However, this motion is not directed to a review of the referee. I have not examined the testimony in the

case to determine whether the findings as made by the referee are apparently in accordance with the law and facts, for the reason that that matter is not before the court.

The question to be decided is whether the referee has so conducted the reference and made and filed his decision that he has not only avoided all improper influences but '' even the appearance of evil.''

Whether the parties to this action are satisfied with the decision or not is immaterial. No one should be left for a moment to question its fairness. When the referee as he claims on December 29, 1915, decided the issues submitted to him, it was his duty as I construe the law to immediately file his decision and all papers in connection with the case with the clerk of the court. Certainly he was not concerned with the question of whether or not his fees were paid at that time. The referee is not obliged to accept a reference — he may investigate the financial standing of the parties, and, if he deems it probable that his fees may not be paid, he has the right to decline to accept. In any event the referee was not concerned with the fees of the stenographer, for, in this action, he was in the same position as the court, and, in demanding the sum of $324 as the fees of the referee, he certainly was in error, as he was not concerned in any way with the question of whether the stenographer was paid. The charges for stenographic work were not a part of the referee's fees.

It is urged in opposition to the motion that the referee did not perform any act after the writing of the letter in question. The difficulty with that contention is that the report, memorandum and defendant's requests to find were not filed until more than sixty days after the writing of the letter. Whether the referee did or did not perform some act after the writing

of the letter is left in doubt, and, as is said in one of the decisions called to the attention of the court, "All agree that the administration of the law must be pure and impartial. But it is scarcely less important that the conduct of those to whom its administration is entrusted should be such as to furnish to those who litigate no just grounds of suspicion."

"It is well settled * * * that under ordinary circumstances a referee's right to his fees does not accrue until he has completed the reference and filed or delivered his report." *Hebard* v. *City of New York,* 137 App. Div. 752.

The referee should not have requested nor accepted payment so long as there remained any duty of a judicial nature for him to perform.

In the observations that I have made above, I do not intend to reflect in any way upon the integrity of the referee. I believe that his action in failing to file his decision and also in the sending of the letter to the attorney for the defendant demanding the payment of the stenographer's fees and his own fees before the report was taken up was indiscreet and ill-advised. I do not say that the fact that the fees were not paid by the defendant influenced the referee in any manner whatsoever in passing upon the defendant's requests to find — that is not the point. The question is, under such circumstances, was the defendant justified in his suspicion that such was the case. As was said in *Ament* v. *Schubert Piano Co.,* 172 App. Div. 423: "No such doubt should be allowed to exist in the absolutely fair and unbiased judgment of a judicial officer." *Smith* v. *Dunn,* 94 App. Div. 429–437; *Topia Mining Co.* v. *Warfield,* 145 id. 422. The motion is granted.

Motion granted.