CHARLES A. ROBINSON, Individually and as Trustee under the Last Will and Testament of AGNES HYATT ROBINSON, Deceased, Respondent, *v.* LEROY D. BALL, Appellant, Impleaded with I. TOWNSEND BURDEN, JR., as Substituted Testamentary Trustee, and Others, Defendants, and MARION H. ROBINSON and COLUMBIA TRUST COMPANY, as Trustees, Respondents.

ALGERNON S. NORTON, Referee, Respondent.

First Department, May 16, 1919.

**Referee — right to fees — payment and acceptance of fees prior to termination of reference sufficient ground for removal.**

A referee has no right to his fees until his duties are completed and his report made.

Where it appears that in an action by a testamentary trustee to procure the judicial settlement of his accounts there was no stipulation for the payment to a referee of his fees prior to the termination of the reference, and such payment was made and accepted without the knowledge of one of the parties to the reference, the referee must be removed from office, even though he was not in any wise prejudiced and did not manifest favoritism toward the party making such payment or display any animosity against the party not actively concerned therein.

APPEAL by the defendant, LeRoy D. Ball, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of December, 1918, denying his motion to remove the referee herein.

*John Ewen* of counsel [*William R. Wilder* with him on the brief; *Ball & Oldis* and *LeRoy D. Ball,* attorneys], for the appellant.

*George W. Morgan* of counsel [*Breed, Abbott & Morgan,* attorneys], for Algernon S. Norton, referee.

*Charles H. Tuttle* of counsel [*Davies, Auerbach & Cornell,* attorneys], for the respondent Columbia Trust Company, as trustee.

MERRELL, J.:

This appeal is from an order denying the motion of defendant, appellant, to remove the referee appointed to hear, try and determine the issues herein.

The action was brought by a testamentary trustee to procure the judicial settlement of his accounts as such trustee. The appellant was a claimant upon the interest of a beneficiary under the will of the testatrix. The appellant's claim amounted to $44,000 and was based upon certain assignments made to claimant by said beneficiary in payment for services rendered, and for moneys advanced by the claimant to the beneficiary. Objections to certain items of the account of the plaintiff trustee were filed and on June 22, 1916, a referee to hear, try and determine the issues raised by the pleadings was appointed by the Supreme Court. Subsequently and during the progress of the reference and on or before October 3, 1917, the several objections to the account were withdrawn, and on said last-mentioned date the only issues remaining to be determined by the referee were the validity of certain alleged assignments of interests in the estate, including that of the appellant. The appellant's claim against the estate was by virtue of an assignment made by one George Hyatt Robinson, a beneficiary under said will to the amount of $30,000 for legal services rendered, and a further assignment for $14,000 covering balance of moneys loaned to Robinson and his wife and for other legal services performed by the appellant. These assignments were not questioned by the beneficiary under the will, but were contested by the Columbia Trust Company, claiming to hold a deed of trust assigning to it other property for the interest of said George Hyatt Robinson in said estate. During the progress of the reference the referee received from the trustee, out of the corpus of the estate, to apply upon his fees, the sum of $1,500. Concededly this payment upon the fees of the referee was made prior to the completion of his duties as referee, and was accepted by him because, as he asserts, "all parties had consented that the expenses of the reference should be paid out of the corpus of the estate," and that counsel who made the payments had informed him that it had been customary in previous references in the estate to make payments to referees on account. It

is also claimed that, at the time the payments were made, the referee did not consider that the parties making them occupied a position antagonistic to the appellant. It is furthermore urged as an excuse for such advance payment of fees to the referee, that the appellant knew of such payments and acquiesced therein. Such claim of knowledge on the part of appellant at the time the payments were made or that he acquiesced therein is explicitly denied by the appellant. According to the appellant's affidavit, he first learned in July, 1918, that the payments to the referee had been made. At the opening of the reference it was stipulated that the referee should be allowed fees at the rate of ten dollars an hour, but the record does not show that any stipulation was entered into that there should be any payment of fees to the referee prior to the completion of his service. The appellant undertook to establish his claim by affirmative proof, commencing on or about October 5, 1917. In the establishment of his claim various hearings were had and the appellant's examination and cross-examination continued until July 17, 1918. At the session of July 16, 1918, the appellant was required to produce and leave with the referee a large quantity of his books of account containing his office records and correspondence, in all over fifty books. The appellant protested against this requirement, and the referee held the matter in abeyance. The claimant left the discussion as to the required presence of his books to his counsel and left the hearing and, it is evident from the record, took exception to what he regarded as arbitrary conduct on the part of the referee in requiring that said books be left with him.. About this time, the claimant says, he first learned of the payment of $1,500 to the referee to apply on his fees. On July 24, 1918, pursuant to an adjournment made after claimant had left the previous hearing, a further hearing was held. At this hearing the claimant failed to appear, and it is the claim of the respondents that by absenting himself he declined to appear for completion of his cross-examination. The appellant asserts that there was a misunderstanding on his part, and that he understood that the reference was adjourned until the afternoon of July twenty-fourth. Counsel

for appellant was present, however, at the adjourned hour, at half-past ten in the morning of July 24, 1918, and then stated to the referee that he had attempted to reach the appellant by telephone that morning, but had been unable to communicate with him. Counsel for the appellant then asked sufficient adjournment to enable him to get into communication with his client. This was refused by the referee, and at the urgent insistence of opposing counsel an adjournment was refused and a motion granted to strike from the record all of the testimony theretofore given by the appellant in support of his claim, to which counsel for the appellant took exception. Counsel for the appellant later appeared before the referee and asked for an adjournment in order that he might inquire into the merits of the appellant's proposal to institute proceedings for the removal of the referee. Such continuance was opposed by counsel for the plaintiff, and the same was denied by the referee. While it is claimed by the respondents that the advance payments by way of fees were made to the referee with the consent and knowledge of the appellant, the record does not bear out such claim. At least, a positive denial of knowledge or acquiescence on appellant's part raises a question of fact with reference thereto.

The law is well settled that a referee has no right to his fees until his duties are completed and his report made. (*Hebard* v. *City of New York,* 137 App. Div. 752.)

Concededly, at the times when the attorney for the plaintiff made the advance payments to the referee, his duties were not completed. The first payment was made November 2, 1917, in the sum of $1,000, and on April 12, 1918, the referee was paid the additional sum of $500. The record does. not show who requested or suggested such payments.

Undoubtedly, had the parties entered into a stipulation in writing or had a stipulation by consent been entered upon the minutes that payments might be made to the referee during the progress of his service, the parties would be bound thereby, although even then such a course would be of questionable propriety. But where it appears, as in the instant case, that there was no stipulation for the payment to the referee of his fees prior to the termination of the reference and such payment is made without the knowledge of one of

the parties, such course has been uniformly held not only to justify but to demand that the referee accepting such fees be removed from office. (*Smith* v. *Dunn*, 94 App. Div. 429; *Ament* v. *Schubert Piano Co.*, 172 id. 423; *Topia Mining Co.* v. *Warfield*, 145 id. 422.) Many other precedents might be cited holding that the course pursued in the instant case not only required but demanded, in the orderly administration of justice, the removal of the referee, and that it was not necessary to find that by reason of such prepayment of fees to the referee the latter was in anywise prejudiced thereby or that said referee had, by any act, manifested favoritism toward the party making such payment or displayed any animosity against the party not actively concerned therein. Litigants are often prone to attribute improper motives and to assign improper reasons for decisions of courts adverse to what they conceive to be their interests, and where, as in the instant case, the ultimate decision might be adverse to the claim of the appellant, it is entirely probable that in such event he would feel that his adversary had obtained an undue advantage through favor to the referee arising from the advancement of his fees. It, therefore, has become the wise policy of the courts to disapprove of payment to or acceptance by a referee of compensation before a decision is made and the duties of the referee completed. We think there was a grave impropriety in the payment to the referee in the instant case of fees during the time when the reference was pending before him. We do not imply that such payment created any prejudice in the mind of the referee, who is conceded by all parties to be a man of high character and ability, but only restate the policy many times enunciated by our courts, that, in the due and orderly administration of justice, a referee should be beyond suspicion and, in so far as possible, to prevent that his determination of issues submitted to him be not subjected to criticism. A referee before whom issues are tried should occupy a position of absolute impartiality between the parties litigant, and it is essential to the dignified and impartial administration of justice that grounds for suspicion as to the impartiality of the court be minimized as much as possible. While, in the instant case, we are not prepared to hold that the referee acted improperly in striking

from the record the examination of the appellant in support of his claim, yet the fact remains that the appellant conceived. that he was unfairly treated by the referee, and undoubtedly appellant's conviction in this respect is accentuated by the fact that adverse parties had, as he testifies, without his acquiescence or consent, made these advance payments to the referee. Under all the circumstances, we are convinced that the usefulness of the referee to properly hear, try and determine the claim of the appellant is at an end, and that the motion ·of the defendant, appellant, to remove the referee should have been granted at Special Term.

The order appealed from should be reversed, with ten dollars costs and disbursements, and defendant's motion to remove said referee be granted, with ten dollars costs, and that another referee be appointed by this court to hear, try and determine the issues herein.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and another referee to be appointed by this court to hear and determine the issues. Order to be settled on notice.