LAWRENCE S. HARRIS, Respondent, *v.* ECLIPSE LIGHT COMPANY, Appellant.

(Supreme Court, Appellate Term, First Department, January Term — Filed February, 1921.)

Trial — jury — false answer of juror as to qualifications — affidavits — motion to set aside verdict granted.

> To permit one to sit as a juror who gave a false answer to a material question, is a fraud upon the court and the parties, and an order denying a motion to set aside the verdict on the ground of misconduct of said juror will be reversed and the motion granted.

> Upon motion to set aside a verdict in favor of plaintiff, for misconduct of a juror in giving a false answer to the question whether he knew the defendant or any of its officers, put to him before he was accepted as a juror, the principal moving affidavits tended to establish that after the verdict said juror in the presence of several persons admitted that he did know the defendant and was prejudiced against it, and that he had gratified this prejudice by influencing his fellow jurors in plaintiff's favor. All this, together with other matters stated in the moving affidavits, was denied by the juror in his answering affidavit. *Held,* that an order denying a motion to set aside the verdict will be reversed and a motion granted in the interests of justice.

APPEAL by defendant from an order of the City Court of the city of New York, denying its motion to set aside verdict in favor of plaintiff on the ground of misconduct of a juror. The motion was heard by the same judge who tried the case. The judgment upon the verdict has been previously affirmed by this court.

Horace London (Charles L. Hoffman, of counsel), for appellant.

George F. Mattuck (David C. Myers and Joseph H. Kutner, of counsel), for respondent.

Appellate Term, First Department, February, 1921.   [Vol. 114.

McCook, J.  Upon the trial of the action, which was to recover for salesman's commissions alleged to be due plaintiff from defendant, the jurors were asked separately, among other questions, whether they knew the defendant company or its officers, naming them. The negative answers received influenced counsel for defendant in his selections.   Among the jurors so chosen was one Leon, a salesman, whose alleged misconduct is the subject of the motion to .set aside this judgment.

By his answering papers, respondent establishes the fact that in the deliberations of the jury Leon had no greater influence with his associates than any other juror; that he showed no prejudice; and, indeed, that very little discussion was required because the jurors all felt that the defendant's witnesses were untruthful and made for that reason a quick decision in favor of plaintiff.

Respondent contends that this alone disposes of the appeal.   His argument is that if Leon did not influence the verdict the result could not have been affected by any misconduct on his part and should not be disturbed.   This does not follow.   An unprejudiced juror might well have disagreed with his associates; he might even have persuaded them all to his way of thinking. It therefore becomes necessary to consider the grounds assigned for granting this motion.

The gist of the charge is that after the verdict Leon made in the presence of several persons admissions to the effect that he did know the defendant in the action and was prejudiced against it, and that he had gratified this prejudice at the expense of defendant upon the trial in question.   If these charges are true, they mean that he falsely denied in answer to questions by defendant's counsel his acquaintance with the defendant concern and its officers, that he was disqualified

to sit on the jury and that truthful answers would have disclosed the disqualifying facts, and he would have been excused.

Appellant's principal affidavits tend to establish Leon's admissions; they are by three persons, one of whom is related to an officer of defendant, another was formerly an employee of defendant, and the third, so far as appears, is disinterested. Other affidavits tend to establish that Leon formerly called at the office of the defendant, asked to see and saw one of its officers, applied for a position with defendant, giving false references, and attempted at other times (unsuccessfully) to sell it goods. These particular affidavits are all by interested witnesses.

The only answering affidavit, other than those of the jurors, is by Leon himself. He makes denial that before the trial he knew the defendant or any of its officers, that he ever went to their office, attempted to enter their employ or sell them goods, and he denies further that after the trial he told anybody he had known them or was prejudiced against them or had gratified this prejudice by influencing his associates on the jury in favor of the plaintiff. He concedes that about the time alleged he was at the office of the New Home Gas and Electric Supply Company, Inc., where the other admissions are charged to have been made, having sold it a bill of goods, that he was then asked if he was selling any goods to the defendant and thereupon stated he had been a juror in a case where defendant was being sued.

This makes the issue clear; either Leon did admit his prejudice and was guilty of the misconduct alleged, or else an innocent statement by him in the presence of a relative of defendant and two other persons, one of them disinterested, was seized upon, elaborated and made the occasion of a conspiracy. For the latter

26

Appellate Term, First Department, February, 1921. [Vol. 114.

alternative, it would be necessary further to believe that two employees of the defendant and one of its officers, none of them present at the trial, joined in a conspiracy to establish certain other facts not true.

Without deciding where the truth lies, we are of opinon that this is a case where the interests of justice require a new trial.

Recent authorities emphasize the requirement that triers of fact should be beyond suspicion. *Ament* v. *Schubert Piano Co.,* 172 App. Div. 423; *Robinson* v. *Ball,* 187 id. 799. It is desirable in the formation of a jury that every legal right shall be preserved to a party, to the end that the verdict when recorded shall be understood to be the result of an unbiased judgment of the appeal. Every suitor is entitled to a fair trial before unprejudiced jurors, and if a juror is permitted to sit on account of a false answer given by him to a material question, it is fraud upon the court and the parties, and the verdict may well be set aside. *Slater* v. *United Traction Co.,* 172 App. Div. 404. See, also, *McGarry* v. *City of Buffalo,* 53 N. Y. St. Repr. 882; *Fealy* v. *Bull,* 11 App. Div. 468; *Matter of Nuns,* 176 N. Y. Supp. 858.

Order appealed from reversed, with ten dollars costs and disbursements, defendant's motion to set aside verdict granted, judgment vacated and a new trial ordered.

Guy and Wagner, JJ., concur.

Order reversed, with ten dollars costs and disbursements.