Condo v Condo (2019 NY Slip Op 02483)





Condo v Condo


2019 NY Slip Op 02483


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Kahn, Oing, JJ.


8880 300341/14

[*1]Anna Condo, Plaintiff-Appellant,
v
George Condo, Defendant-Respondent. Susan L. Bender, Nonparty Respondent.


Dentons US LLP, New York (Anthony B. Ullman of counsel), for appellant.
Blank Rome LLP, New York (Sheila Ginsberg Riesel of counsel), for George Condo, respondent.
Bender & Rosenthal LLP, New York (Susan L. Bender of counsel), for Susan L. Bender, respondent.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered on or about August 23, 2018, which granted Special Master Susan Bender, Esq.'s motion for a money judgment in the amount of $113,527.30, and denied the wife's cross motion to remove the Special Master, unanimously affirmed, without costs.
A final judgment of divorce incorporating, but not merging, the parties' financial settlement agreement was entered in the case. Collateral postjudgment disputes later arose, leading to a further agreement by the parties (SM agreement) to the appointment of a "special master." Susan Bender Esq. was appointed as special master. The SM agreement expressly detailed the scope of Bender's authority, the manner in which she could proceed, that the parties would pay her fees, and the method of her compensation. The SM agreement was presented to the court for so-ordering, making it an order of the court with attendant enforcement rights. Notwithstanding that the SM agreement was made into a court order, it did not lose its fundamental character as an enforceable agreement among the parties (see e.g. Aivaliotis v Continental Broker-Dealer Corp., 30 AD3d 446, 447 [2d Dept 2006]). Consequently, we reject the wife's arguments that the "order" was unenforceable because it did not fit within the strictures of CPLR 4312, 4317 or 22 NYCRR § 202.14 or that the court exceeded its authority in ordering the appointment of Bender. The "special master" in this case was, and remains, a privately engaged, neutral person, mutually selected, agreed to and hired by the parties to supervise the division of marital assets pursuant to their original settlement agreement. Bender's authority to act is derived from the scope of the parties' SM agreement and not statute. Where the parties were both represented by highly experienced counsel at all times in their acrimonious and protracted disputes over a vast cache of valuable artwork and other marital assets, we embrace the parties' SM agreement to a special master's oversight and resolution of their property disputes, and find that Supreme Court properly held the wife to the SM agreement.
The intent of the parties' SM agreement was to have the special master act as a neutral facilitator and decision maker, but the wife makes no credible claim that Bender should be removed due to bias. Bender's motion for a money judgment did not on its own create an appearance of bias, and the wife cites no authority to show otherwise. Matter of Yeampierre v Gutman (57 AD2d 898 [2d Dept 1977]) did not concern fees, and Bender bears no resemblance to the referees in Ament v Schubert Piano Co. (172 AD 423 [1st Dept 1916]), Topia Min. Co. v Warfield (145 AD 422 [1st Dept 1911]), Smith v Dunn (94 AD 429 [1st Dept 1904]), or National [*2]Bank of N. Am. v New Paltz Growers (89 AD2d 647 [3d Dept 1982]). There is no indication in the record that Bender conditioned her work on receipt of additional fees or that, before making her fee motion, she ever broached the fee issue with the parties at all. Bender sent the parties invoices, keeping an appropriate, professional distance on the matter, and her invoices should have come as no surprise as they simply reflected the terms agreed to.
Supreme Court also properly rejected the wife's argument that Bender, as a nonparty, was not entitled to the entry of a judgment representing fees owed for her services. Because the SM agreement was also a court order, the court retained jurisdiction over its implementation. For the court to have required Bender to commence a new action to seek enforcement of the fee provisions of the order would have served no apparent purpose, other than to create more cost and delay.
Although the order is silent as to the timing of payments to Bender other than the initial retainer, we reject the wife's claim that Bender can only collect fees at the conclusion of her work. The SM agreement provided details about her billing rate and that her fees would be paid by the parties in the manner agreed. The SM agreement also recognized that the special master would bill for her time spent. It is reasonable for Bender to have expected that she would be paid on an ongoing basis, given the protracted and time consuming nature of the work required.
Nor does the wife show that her understanding was any different from Bender's. She never challenged the bills on the basis of prematurity or any other basis prior to Bender filing her motion for fees. The wife's emails demonstrate that contrary to withholding payment because the bills were premature, she deliberately chose not to pay Bender because she claimed (albeit incorrectly) that Bender was in "default."
Finally, the wife was fully on notice that the fees Bender sought were those due at the time of her moving papers plus any additional fees that might accrue. She was aware that Bender continued her work as a special master while the motion was pending. We affirm the entire amount of the judgment awarded Bender by the motion court.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
C