Condo v Condo (2019 NY Slip Op 03466)





Condo v Condo


2019 NY Slip Op 03466


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, JJ.


300341/14 9176 9175 9174 9173 9172 9171

[*1]Anna Condo, Plaintiff-Appellant,
v
George Condo, Defendant-Respondent.


Dentons US LLP, New York (Anthony B. Ullman of counsel), for appellant.
Blank Rome LLP, New York (Sheila Ginsberg Riesel of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered July 17, 2017, which, to the extent appealed from as limited by the briefs, purportedly excluded plaintiff wife's counsel from reviewing sold artwork created by defendant husband for purposes of equitable distribution, unanimously affirmed, with costs. Order, same court and Justice, entered October 23, 2017, which, to the extent appealed from as limited by the briefs, determined that defendant met his preliminary burden to designate certain undated artwork as his separate property and purportedly excluded plaintiff from reviewing certain sold artwork with counsel, unanimously affirmed, with costs. Order, same court (Michael L. Katz, J.), entered on or about April 20, 2018, which, to the extent appealed from as limited by the briefs, precluded plaintiff from making any future claims on artwork she did not properly dispute, unanimously affirmed, with costs. Order, same court and Justice, entered May 9, 2018, which determined that certain undated artwork was defendant's property, unanimously affirmed, with costs. Order, same court (Matthew F. Cooper, J.), entered October 23, 2018, which denied plaintiff's motions to compel additional discovery with respect to defendant's artwork, unanimously affirmed, with costs.
The orders on appeal are directives and decisions issued by the Special Master (SM) appointed by Supreme Court to determine disputes related to artwork created by defendant and so-ordered by the court. In a prior appeal, we upheld the SM's authority to act as derived from the agreement made by the parties (__ AD3d__, 2019 NY Slip Op 02483 [1st Dept 2019]). We now reject plaintiff's argument that the court was not empowered to so-order the SM's directives and decisions. The order appointing the SM, pursuant to so-ordered stipulation upon the parties' joint motion, expressly states that the SM "shall have the power to take all steps necessary" to resolve the disputes referenced therein and that all the SM's determinations "shall be so ordered by the Court and shall be deemed a final order, binding upon the parties."
We reject plaintiff's argument that the SM abused her discretion in imposing certain conditions on plaintiff's ability to review defendant's inventory of sold artwork. Significantly, as the SM noted subsequently, plaintiff failed to timely object to the two directives that imposed the conditions, and therefore waived this claim (see e.g. 1199 Hous. Corp. v Jimco Restoration Corp., 77 AD3d 502, 502 [1st Dept 2010]). In any event, contrary to plaintiff's contention, neither directive expressly prohibited plaintiff from reviewing the sold artwork with her counsel.
The SM properly precluded plaintiff from making future marital property claims to sold artwork, after plaintiff failed, as directed by the SM, to provide an evidentiary basis for claiming sold artwork as marital property, according to the procedures set forth by the SM for each party to lay claim to pieces of sold artwork and dispute whether they constituted marital property.
Plaintiff also failed to timely object to, and thus waived her claim that, the SM's determination that defendant, as the artist, met his burden to substantiate his claims that certain undated artwork was his separate property, thus shifting the burden to plaintiff to provide an evidentiary basis for finding that it was marital property. In any event, we perceive no error in the SM's procedure for determining the parties' claims, given the sheer volume of artwork to be distributed, the SM's authority under her appointment to effect this distribution, and the SM's rationale that defendant, as the artist, possessed the specific knowledge of when the artwork was created. Plaintiff's sworn affidavit attesting in general to her intimate familiarity with defendant's work, standing alone, was not sufficient to meet her evidentiary burden. We note that the SM considered and ruled on plaintiff's claims to those pieces as to which she provided specific evidence.
We reject plaintiff's contention that the SM erred in delaying a decision on plaintiff's motions for additional discovery until after making her determinations regarding the sold and undated artwork. Plaintiff did not object to the timing, and much of the relief she sought was implicitly addressed by the SM as she made those determinations. Further, the parties had already engaged in more than two years of discovery before the note of issue was filed in 2016, and after the judgment of divorce was entered, they engaged in extensive negotiations over the distribution of defendant's artwork. Under these circumstances, permitting further discovery would have been prejudicial to defendant (see generally Cuprill v Citywide Towing & Auto Repair Servs., 149 AD3d 442 [1st Dept 2017]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK