■ In the Matter of WILLIAM BARABY, Respondent, v CECILE Y. BARABY, Respondent. WILLIAM K. MANEY, as Law Guardian of LUKE BARABY, an Infant, Appellant. (And Another Related Proceeding.)—Mikoll, J. Appeal from an order of the Family Court of Broome County (Barrett, J.), entered May 30, 1991, which, *inter alia,* granted respondent's cross petition, in two proceedings pursuant to Family Court Act article 6, for custody of Luke Baraby.

On May 24, 1988 Family Court granted custody of the parties' two children, Luke and Eve, to respondent. In December 1990, after a fire at respondent's residence, Luke went to live with petitioner. Eve already resided with petitioner. Petitioner filed a modification of custody petition seeking custody of both children. Family Court awarded temporary custody to petitioner and, *inter alia,* appointed a Law Guardian for the children. Respondent, upon petitioner's failure to surrender the children, filed a violation of custody petition.

On May 29, 1991, a hearing was conducted before Family Court on both petitions during which Family Court prevented the Law Guardian from participating on behalf of the children. Family Court denied petitioner's modification petition, granted respondent's violation petition and directed that Luke return to respondent at the end of the school year. Eve had already returned to live with respondent. The Law Guardian appealed based upon Family Court's refusal to allow him to participate in the hearing. In July 1991, respondent and petitioner filed violation and modification petitions, respectively, and a subsequent hearing was held in September 1991 at which the Law Guardian appeared. Custody of Luke was awarded to petitioner and the court ordered an additional investigation and report by the Law Guardian.

The appeal from the May 1991 hearing, which is alleged to have been fundamentally flawed by the denial of the Law Guardian's right to actively participate, is moot. The appropriate remedy for a flawed hearing would be a new hearing *(see, e.g., Frizzell v Frizzell,* 177 AD2d 825, 826). Because a new hearing has already taken place in which the Law Guardian fully participated, the relief which could be effected by a successful appeal has already occurred.

We do not find an exception to the mootness doctrine, as articulated in *Matter of Hearst Corp. v Clyne* (50 NY2d 707, 713), present in these circumstances. There has been no showing that the situation presented here is one typically evading review. Thus, at least one of the three prongs of the

exception to the mootness doctrine is not present here *(see, supra,* at 714-715).

Weiss, P. J., Yesawich Jr., Crew III and Harvey, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.