■ In the Matter of KAREN PP., Appellant, v CLYDE QQ., Respondent. [602 NYS2d 709] —Cardona, J. Appeal from an order of the Family Court of Fulton County (Jung, J.), entered July 18, 1991, which, inter alia, denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

The parties, who were never married, resided together for about a year when Mandi was born on September 7, 1986. Due to their pending separation, the parties agreed to a joint custodial order on July 23, 1990. On September 14, 1990 petitioner commenced this proceeding requesting sole custody and supervised, if any, visitation for respondent, alleging sexual abuse of the child by respondent. After a lengthy fact-finding hearing with various expert testimony, Family Court found that it appeared that the allegations of sexual abuse were fabricated. The court ordered that respondent have sole

custody of Mandi with no visitation to petitioner until the Probation Department set up counseling for Mandi and the parents and made a recommendation to the court.

Respondent argues that this appeal is moot due to a subsequent custody proceeding initiated by petitioner. We disagree. There is nothing before this Court which indicates that a final determination has been made in that proceeding which would render this appeal on the issue of custody meaningless *(cf., Matter of Baraby v Baraby,* 186 AD2d 890, 890-891).

Petitioner's contention that she was not provided adequate assistance of counsel is not supported in the record. Her counsel exhibited " 'reasonable competence' " and the trial was not a " 'mockery of justice' " *(Matter of De Vivo v Burrell,* 101 AD2d 607, 608). Because meaningful representation was provided, petitioner was not deprived of her constitutional right to effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137).

Petitioner further contends that the award of sole custody to respondent and denial of visitation to her is not in the best interest of the child. It appears from this record that subsequent to the order denying visitation, Family Court modified that order to afford petitioner visitation so determination of that issue on this appeal will not be considered. The granting of sole custody to respondent is supported by a sound and substantial basis in the record and is in Mandi's best interest *(see, Matter of Daniel R. v Noel R.,* 195 AD2d 704, 706; *Matter of Cochran v Cochran,* 177 AD2d 818, 819). Family Court found the record essentially devoid of credible evidence that the child had been abused by respondent. Family Court properly exercised its discretion in weighing the conflicting testimony. The court found that, to the detriment of Mandi, petitioner had programmed the child to make the sexual abuse allegations in order to obtain sole custody and deny access to respondent. Because Family Court had the advantage of viewing the witnesses and hearing their testimony firsthand, its determination is entitled to great deference *(see, Matter of Williams v Williams,* 188 AD2d 906, 907; *Matter of Katherine D. v Christine D.,* 187 AD2d 587, 588, *lv denied* 81 NY2d 709). The fact that Family Court made reference to a book regarding parental alienation syndrome that was neither entered into evidence nor referred to by any witness is not a ground for reversal, especially in light of all the testimony elicited at the hearing.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.