■ In the Matter of MARIANNA RUSH, Respondent, v LLOYD T. RUSH, III, Appellant. [608 NYS2d 344] —Yesawich Jr., J. Appeal from an order of the Family Court of Montgomery County (Catena, J.), entered August 21, 1992, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties, who lived alternately in New York and Florida during the course of their 12-year marriage, separated in December 1991 when petitioner left the marital residence and moved into a separate apartment in the same Florida community. Although petitioner claims that respondent had agreed that she was to have custody of their three children, Lloyd, Gary and Amanda, respondent denies this fact. In any event, less than two weeks later respondent took the children and, without leaving any indication of their destination, returned to New York. When petitioner discovered the children's whereabouts several weeks later, she promptly returned to New York and, in January 1992, commenced this proceeding seeking sole custody of the children. In February 1992 Family

Court issued a temporary order awarding petitioner visitation and the following month, by order of March 19, 1992, directed the Montgomery County Probation Department to conduct a home study of both parties' homes.

After a fact-finding hearing held in June 1992, Family Court awarded petitioner custody of all three children and granted respondent visitation. It is this order of August 21, 1992, and the interlocutory order directing preparation of the home study report by the Probation Department and prescribing that the "study shall be received in evidence, subject to * * * cross-examination", from which respondent appeals.

In April 1993, while the instant appeal was pending, the parties again appeared in Family Court as a result of a custody petition, filed by respondent, and a cross petition. At that time, the parties stipulated and consented to an order, entered May 11, 1993, which awarded custody of the boys to respondent and "continued" custody of Amanda with petitioner. Although this order appears to render the instant appeal moot (cf., Matter of Karen PP. v Clyde QQ., 197 AD2d 753, 754), respondent maintains in his brief that he did not thereby consent to relinquish his right to continue to press his appeal from the August 21, 1992 order to the extent that it grants custody of Amanda to petitioner. As a reading of the transcript of the proceedings giving rise to the stipulation does not unequivocally preclude this claim, we deem it judicious to reach the merits of respondent's arguments challenging Family Court's award granting petitioner custody of Amanda.

Analysis of the merits of respondent's contentions persuades us that an affirmance is dictated. Respondent's argument that the Probation Department's report contained hearsay, and for this reason should not have been considered by Family Court, was not preserved for review. Though fully aware of the court's order of March 19, 1992 directing that a report be prepared and that it be admitted into evidence, respondent nonetheless made no objection to its admission, either at the time of the court's initial order or at the hearing. Given the fact that the report itself was filed with the Family Court clerk in advance of the hearing, and respondent does not claim to have been denied access to it (cf., Kesseler v Kesseler, 10 NY2d 445, 456), it cannot be said that he had no opportunity to voice his opposition to its admission. It is also worth noting that respondent did not call the author of the report to the stand for purposes of cross-examination, as permitted by the court's order.

Moreover, Family Court's decision reflects that it did not

place undue reliance on the Probation Department's report, which contained no recommendation, or on that of the Law Guardian, who "reluctantly" recommended that custody be awarded to petitioner. The court carefully reviewed all of the hearing testimony and identified the various factors it considered in arriving at its decision, not the least of which was respondent's reprehensible conduct in unilaterally removing the children from Florida without informing petitioner of their location (see, Matter of Carl J. B. v Dorothy T., 186 AD2d 736, 737). Also, as the court noted, portions of the reports were duplicative of testimony given by the children in camera. Inasmuch as the hearing testimony itself provides ample support for Family Court's decision in this case, any error occasioned by the court's consideration of the reports was harmless (see, Matter of Karen PP. v Clyde QQ., supra; Matter of Daniel R. v Noel R., 195 AD2d 704).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the order is affirmed, without costs.