■ In the Matter of DOREEN COPELAND, Appellant, v WILBUR E. COPELAND, JR., Respondent. [648 NYS2d 805] —White, J. Ap-

peal from an order of the Family Court of St. Lawrence County (Rogers, J.), entered May 17, 1995, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

The parties are the parents of two sons, now ages 13 and 9 (hereinafter collectively referred to as the boys), and a daughter, now age 5. Following an evidentiary hearing, Family Court awarded petitioner custody of her daughter and respondent custody of the boys. Petitioner appeals, contending that Family Court abused its discretion in awarding custody of the boys to respondent.

Not atypically, the record presents two concerned parents who have exhibited both strengths and weaknesses in carrying out their parental responsibilities. Family Court determined that respondent would be better suited to be the boys' custodial parent by reason of their special educational needs and the experience and knowledge respondent has gained in his job as a child development program assistant at a child development center. Although petitioner lacks similar experience and training, she takes issue with Family Court's reasoning, pointing out that it overlooks respondent's demonstrated lack of judgment that resulted in two indicated instances of child abuse. Respondent's past does not appear to be a precursor to his future behavior inasmuch as his testimony discloses that he acknowledges his past mistakes and has developed a more appropriate approach towards the discharge of his parental responsibilities, particularly in the area of discipline.

Petitioner further points out that Family Court's determination results in the separation of siblings in contravention of the rule that, absent an overwhelming need, children should be kept together (see, Matter of Ebert v Ebert, 38 NY2d 700, 704). Given the dynamics of family life, this rule is not absolute and need not be applied where the record indicates that the best interest of each child lies with a different parent (see, Mitzner v Mitzner, 209 AD2d 487, 488-489). This case fits within the exception because the siblings were separated prior to the commencement of this proceeding since the oldest boy had been living with respondent since June 1994. Moreover, the youngest boy had indicated a strong desire to live with respondent and the Law Guardian concluded that both boys have a strong relationship with respondent, who spends more time with them than does petitioner. Another salient factor is that petitioner agreed that the youngest boy could live with respondent when he became 11 years old. Notably, while she claims that he is too insecure to do so now, she supports her claim

with generalized testimony that is at variance with the younger boy's description of their relationship as related to the Law Guardian, who recommended that custody of the boys be awarded to respondent.

Having found petitioner's arguments unpersuasive, and as we accord great deference to Family Court's determination of child custody disputes, we shall affirm since Family Court's decision has a sound and substantial basis in the record (*see, Eschbach v Eschbach*, 56 NY2d 167, 173-174; *Matter of Bogert v Rickard*, 199 AD2d 587, 587-588).

Crew III, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.