■ In the Matter of DAVID D. DEYO, Respondent-Appellant, v ANTOINETTE DEYO, Appellant-Respondent. (And Another Related Proceeding.) [658 NYS2d 153] —Mercure, J. Cross appeals from an order of the Family Court of Broome County (Ray, J.), entered April 15, 1996, which, in two proceedings pursuant to Family Court Act article 6, *inter alia*, modified the terms of custody of the parties' children.

The parties were divorced in 1994. At that time, they entered into a written stipulation (not included in the record on ap-

peal) that the parties have joint legal custody of their three children, Amanda, born in 1988, and twins (Ashley and David, Jr.), born in 1990, but providing that the children physically reside with respondent. As the result of an October 15, 1995 incident where Amanda refused to go back with respondent following weekend visitation and ended up returning home with petitioner, the parties each filed a petition with Family Court. Respondent sought an order prohibiting petitioner from speaking ill of her to the children; petitioner sought sole custody of the children or, alternatively, a formal order of joint custody providing that the children live with him during school months and with respondent during the summer. Following a hearing, Family Court determined that the best interests of the children would be served by an award of joint legal custody with petitioner having physical custody of Amanda and respondent having physical custody of the twins. The parties each appeal.

We affirm. Turning first to respondent's appeal, we note that because there was no change in the existing legal custody arrangement, respondent is aggrieved only with regard to Family Court's decision to make a change in Amanda's place of residence, and we conclude that the record provides a "sound and substantial basis" for its determination in that regard (*Matter of De Losh v De Losh*, 235 AD2d 851, 853, *lv denied* 89 NY2d 813; *see, Matter of Copeland v Copeland*, 232 AD2d 822, 824, *lv denied* 89 NY2d 806; *Matter of Nicotera v Nicotera*, 222 AD2d 892, 893). First, the parties were all in agreement that Amanda had a strong attachment to petitioner and preferred to live with him. More significant, Amanda was found to have a special learning disability and petitioner proved most capable and willing to help her by working with her teachers, taking her to specialists, encouraging her to read up to six books each month and helping her learn how to do her homework on her own. In contrast, respondent evidenced an inability to deal with Amanda's special needs and in fact acknowledged that she always had a problem parenting. In our view, petitioner's demonstrated superiority in dealing with Amanda's learning disability provided an adequate basis for the change in residence (*see, Matter of Bilodeau v Bilodeau*, 161 AD2d 906, 907).

Turning briefly to petitioner's appeal, we are not persuaded to disturb Family Court's determination to leave the twins with respondent. We note first that in custody matters, great deference is to be afforded the determination of Family Court, which is in the best position to evaluate the credibility and character of the parties and witnesses firsthand (*see, Eschbach*

*v Eschbach*, 56 NY2d 167, 173-174; *Matter of De Losh v De Losh, supra*; *Matter of Nicotera v Nicotera, supra*, at 893). In addition, the rule that siblings should be kept together "is not absolute and need not be applied where the record indicates that the best interest of each child lies with a different parent" (*Matter of Copeland v Copeland, supra*, at 823), and Family Court was entitled to give consideration to the parties' stipulation, the twins' expressed desires, the Law Guardian's recommendation and the general preference for maintaining stability by continuing the existing residential arrangement when appropriate (*see, Eschbach v Eschbach, supra*; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94-95; *see also, Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947).

The parties' remaining contentions have been considered and found to be unavailing.

Cardona, P. J., Crew III, White and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.