■ In the Matter of ROGERS HICKS, Appellant, v RAUL RUSSI, as Commissioner of New York State Division of Parole, et al., Respondents. [678 NYS2d 203] —Judgment unanimously affirmed without costs. Memorandum: Petitioner appeals from a judgment dismissing the petition and denying his application to hold respondents in contempt for their alleged willful violation of an order of this Court. By our prior order, we granted petitioner's CPLR article 78 petition seeking to enjoin respondents, as supervisors of petitioner's parole, from prohibiting petitioner from having contact with criminals as part of his work as a paralegal for a criminal defense lawyer (*Matter of Hicks v Russi*, 219 AD2d 851). The alleged contempt consists of respondents' refusal to issue petitioner a travel permit to visit and interview an inmate, a prospective client of his employer, at the Monroe County Jail.

Supreme Court did not err in finding that respondents did not willfully or intentionally violate this Court's order. To establish civil contempt based on an alleged violation of a court order, one must establish that a lawful order of the court expressing an unequivocal mandate was in effect (*see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation*, 70 NY2d 233, 240; *Matter of McCormick v Axelrod*, 59 NY2d 574, 583). It must be established that the party charged with contempt knew of the court's order and willfully or intentionally disobeyed it; however, the degree of willfulness that must be established is less than that required to prove criminal contempt (*see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra*, at 240; *Matter*

*of McCormick v Axelrod, supra,* at 583). Alternatively, it must be shown that the offending party's disobedience of the court's order, with knowledge of its terms, defeated, impaired, impeded or prejudiced another party's rights (*see,* Judiciary Law § 753 [A]; *McCain v Dinkins,* 84 NY2d 216, 226). Where the terms of the order are vague or indefinite with respect to whether a particular action was required or prohibited, a finding of willful disobedience is, of course, less likely (*cf., Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra,* at 241; *see also, Pereira v Pereira,* 35 NY2d 301, 308).

Here, the order that allegedly was violated was summary in its terms. It reversed a judgment of the trial court and granted a CPLR article 78 petition. Our order did not direct respondents to approve every application by petitioner for permission to travel and meet with inmates. Our order left petitioner under the supervision of parole officials and did not preclude them from passing on petitioner's applications on a case-by-case basis. Thus, our order was not so unequivocal as to support a finding of willful disobedience under the circumstances of this case.

Considering all the circumstances, respondents' actions were not willfully or intentionally disobedient and did not significantly prejudice petitioner. Respondents have granted petitioner's applications for travel permits in all instances but this one. Moreover, the record establishes that, in other instances, parole officials have facilitated petitioner's visits to inmates by writing introductory letters on petitioner's behalf to prison officials. Thus, the record supports the finding that our order was not violated. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—CPLR art 78.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.