■ In the Matter of TRACY L. JELENIC, Respondent, v KARL W. JELENIC, Appellant. [690 NYS2d 782] —Graffeo, J. Appeal from an order of the Family Court of Montgomery County (Going, J.), entered December 2, 1997, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

Petitioner and respondent were married in 1982 and are the parents of five children ranging in ages from 12 to 17. In November 1996, petitioner filed a family offense petition against respondent and moved, with the five children, into a safe house for domestic violence victims. Family Court issued a temporary order granting petitioner custody of the children based on her petition for custody filed in December 1996. Shortly thereafter, respondent filed a family offense petition against petitioner, as well as a petition for custody of the children.

In January 1997, petitioner and the children relocated from Montgomery County to an apartment in Schenectady County. The eldest child then departed the household and moved in with respondent, allegedly due to difficulties in his relationship with petitioner. Petitioner changed her residence again, settling into an apartment in Saratoga County with the four other children. In April 1997, respondent made a motion requesting temporary custody of the eldest child and thereafter the third-born child moved to respondent's residence, apparently also due to a strained relationship with petitioner.

At the conclusion of an extensive hearing, Family Court dismissed both family offense petitions due to insufficient proof

and awarded sole custody of the eldest and third-born child to respondent and the other three children to petitioner. The court also modified the temporary order of custody and visitation such that respondent was awarded physical custody of all five children on the first and third weekends of each month, while petitioner was granted physical custody of all five children on the second and fourth weekends of each month. Respondent now appeals, contending that he should have been granted custody of all five children.

It is well settled that when determining custody, the best interests of the children are paramount (*see, Eschbach v Eschbach*, 56 NY2d 167; *Matter of Farnham v Farnham*, 252 AD2d 675; *Matter of Gray v Jones*, 251 AD2d 765). In addition, substantial deference is accorded to Family Court's findings because it is in the best position to assess each party's respective credibility (*see, Eschbach v Eschbach, supra*, at 173) and, therefore, its "decision will not be set aside unless it clearly lacks a sound and substantial basis in the record" (*Matter of Scalia v Scalia*, 217 AD2d 780, 781).

Although siblings should generally be kept together, this rule is not absolute and may be overcome where, as the record here shows, "the best interest of each child lies with a different parent" (*Matter of Copeland v Copeland*, 232 AD2d 822, 823, *lv denied* 89 NY2d 806; *accord, Matter of Deyo v Deyo*, 240 AD2d 781, 783). During the hearing, it was revealed that petitioner and three of the children were residing in a three-bedroom duplex in Saratoga County. Petitioner was employed full time by the United States Postal Service and, through her employment, she received health and life insurance benefits for herself and the children. Respondent attempted to portray petitioner as an unstable and abusive parent with a drinking problem, but petitioner denied the allegations. In fact, both parties made serious allegations during the hearing, calling into question their respective abilities to provide stable and nurturing environments and therefore credibility was an integral factor in the court's decision. Furthermore, although not dispositive, Family Court properly considered the children's preferences with respect to where they desired to live (*see, Matter of Daniels v Guntert*, 256 AD2d 940; *Matter of Barndollar v Barndollar*, 234 AD2d 858) and the Law Guardian's recommendation (*see, Matter of Weeden v Weeden*, 256 AD2d 831). Based on a review of the record, and because credibility determinations are clearly within the province of Family Court, we conclude that a sound and substantial basis existed to support the court's determination that it would be in the best interest of the children to al-

low the split custody arrangement to continue (*see, Matter of Bilodeau v Bilodeau*, 161 AD2d 906).

We also reject respondent's claim that petitioner was improperly permitted to testify concerning hearsay statements made by the children. To the extent that the statements constituted impermissible hearsay, any error was harmless because the record does not indicate that Family Court relied on such statements, and other testimony elicited at the hearing was sufficient to support Family Court's determination (*see, Matter of Liza C. v Noel C.*, 207 AD2d 974; *Matter of Rush v Rush*, 201 AD2d 836, 838; *Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753).

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.