■ In the Matter of ROBERT GG., Respondent, v KATHLEEN HH., Appellant. [710 NYS2d 176] —Mugglin, J. Appeal from an order of the Family Court of Tioga County (Sgueglia, J.), entered April 15, 1998, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order.

The parties were married in 1973. Their eldest son is emancipated. Their second son (hereinafter the son) was born in 1979 severely mentally retarded. Their daughter was born in 1982. The parties divorced in 1987 and respondent was granted custody of the children with petitioner having visitation. Respondent remarried in 1989 and she and the children lived with her new husband until August 1997, when as a result of uncontested claims that the daughter had been sexually abused by her stepfather, Family Court awarded temporary

physical custody of the children to petitioner and allowed respondent visitation with the son only. In this proceeding, following an extensive fact-finding hearing, Family Court awarded petitioner sole custody of both the son and daughter, and granted respondent visitation with the son only. Respondent appeals only Family Court's custody determination regarding her son. She argues that Family Court's determination is not supported by a preponderance of the evidence. Respondent also argues that although the record reveals that she has always been a fit and loving parent to her son, she is being punished for something not her fault by Family Court's failure to examine the totality of the circumstances involved.

"It is well settled that when determining custody, the best interests of the children are paramount" (*Matter of Jelenic v Jelenic*, 262 AD2d 676, 677; *see, Eschbach v Eschbach*, 56 NY2d 167, 171). "When seeking a modification of an established custody arrangement, however, a petitioner must demonstrate a sufficient change in circumstances necessitating an alteration" (*Matter of Juliano v Pollack*, 256 AD2d 668, 668-669, *lv denied* 93 NY2d 803; *see, Matter of Fairbanks v Diehl*, 268 AD2d 867; *Matter of Reese v Jones*, 249 AD2d 676, 677). "[A] court must base its decision on the totality of the circumstances including the ages of the children, fitness of the parents, quality of the home environment, each parent's ability to provide for the child's intellectual and emotional development, and the effect of the award of custody on one parent would have on the child's relationship with the other" (*Matter of Lukaszewicz v Lukaszewicz*, 256 AD2d 1031, 1032-1033; *see, Eschbach v Eschbach, supra*, at 171-173).

Among the factors to be considered by Family Court in making custody determinations is the "duration of the present custody arrangement" (*Matter of Millett v Millett*, 270 AD2d 520, 521). "The Court of Appeals has cautioned that 'the separation of siblings * * * is to be frowned upon'" (*Matter of Donahue v Buisch*, 265 AD2d 601, 604, quoting *Matter of Ebert v Ebert*, 38 NY2d 700, 704). "[T]his rule is not absolute [, however,] and may be overcome where * * * 'the best interest of each child lies with a different parent'" (*Matter of Jelenic v Jelenic, supra*, at 677, quoting *Matter of Copeland v Copeland*, 232 AD2d 822, 823, *lv denied* 89 NY2d 806).

A review of the record herein, with these principles applied, reveals that Family Court held an extensive hearing during which it took evidence of the home environments of both petitioner and respondent, the relationship that each has with the children, the relationship of petitioner's wife with the chil-

dren, the relationship between the siblings, the educational facilities and programs available to the son in the area where each parent now resides, the extracurricular activities available to the son in each area and the programs and activities in which he has participated or now participates. The court also considered the willingness of each parent, as well as petitioner's spouse, to alter his or her schedule in order to provide the care that the son requires, as well as evidence of each parent's past relationship, including an allegation of physical abuse of respondent by petitioner in 1985 or 1986.

This record refutes respondent's contention that Family Court's decision is not based on a preponderance of the evidence and that the court failed to examine the totality of the circumstances. As Family Court is in the best position to evaluate testimony, its custody determinations are accorded great deference and will only be disturbed where they lack a sound and substantial basis (*see, Matter of Denise AA. v David AA.*, 237 AD2d 680, 682; *Matter of Scalia v Scalia*, 217 AD2d 780). Moreover, we hold that the sexual abuse of the daughter constitutes a sufficient change in circumstances upon which to predicate a modification of the prior custody order. Faced with choosing between fit and loving parents, each maintaining a suitable household and living in an area where the son can participate in educational and extracurricular activities, we find that Family Court correctly decided to award custody to petitioner because of the close, loving relationship which exists between the son and daughter, and that it would not be in the best interest of the son to be separated from the daughter (*see, Matter of Donahue v Buisch, supra,* at 604).

As a final matter, respondent's assertions concerning domestic violence during her marriage to petitioner do not mandate a contrary result (*see,* Domestic Relations Law § 240 [1] [a]; Family Ct Act § 447 [a]).

Mercure, J. P., Crew III, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.