■ In the Matter of AUGUSTUS YIZAR, Respondent, v DEVON R. SAWYER, Appellant. [751 NYS2d 117] —Lahtinen, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered December 10, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

The parties' daughter was conceived during a brief period of cohabitation and born on August 28, 1997, after the parties had separated. The child initially lived with respondent and respondent's mother. Respondent eventually left her mother's house and, thereafter, upon reportedly finding respondent intoxicated and unresponsive when bringing the child to respondent's residence, respondent's mother petitioned for custody and was granted temporary custody in July 1998. In March 1999, custody was returned to respondent, who was then living with Donald Beers. Respondent and Beers married in July 2000, but their relationship was marred by domestic violence and police were summoned to their residence on numerous occasions.

Although petitioner had maintained contact with respondent during her pregnancy and supplied her with small amounts of money, he had ceased contact with her after purportedly being told he was not the child's father. In August 1998, however, he filed a paternity petition that resulted in an order of filiation in April 1999. Petitioner did not fully exercise his visitation allegedly due in part to hostility and obstruction by respondent. On December 20, 2000, petitioner commenced this modification proceeding seeking sole custody of the child on the ground that

the violence in respondent's home appeared to be escalating, creating an unsafe environment for the child. After a hearing, Family Court adopted the findings proposed by the Law Guardian and determined that respondent's care of the child was "marked by [respondent's] unsettled residence, drug abuse and domestic violence." Family Court concluded that the best interest of the child would be promoted by changing custody to petitioner. Respondent appeals.

The paramount concern in any child custody determination is the best interest of the child (see *Eschbach v Eschbach*, 56 NY2d 167, 171; *Matter of Chittick v Farver*, 279 AD2d 673, 675). "An existing custody arrangement will not be altered absent a showing of changed circumstances demonstrating a real need for a change to ensure the child's best interest" (*Matter of Oddy v Oddy*, 296 AD2d 616, 617 [citations omitted]). Factors considered include, among other things, "the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development" (*Matter of Russo v Russo*, 257 AD2d 926, 927; see *Matter of Grenier v Allen*, 296 AD2d 619, 620; *Matter of Van Hoesen v Van Hoesen*, 186 AD2d 903). Deference is accorded Family Court's determination because it is in the best position to evaluate the credibility of the parties, and its findings will be disturbed only if unsupported by a sound and substantial basis in the record (see *Matter of Watts v Watts*, 290 AD2d 822, 824, *lv denied* 97 NY2d 614).

The difficult nature of the current case is reflected by the Law Guardian's statement that his position favoring a change in custody was proposed "admittedly with some trepidation." There was evidence that respondent, despite her shortcomings, was a loving mother, that the child had bonded with respondent and the child was "well behaved." Nevertheless, a pattern of very troublesome conduct by respondent was established by proof that Family Court found credible. Evidence at the hearing revealed that respondent's relationship with Beers had been plagued by domestic violence, including one incident involving a knife. The child was reportedly exposed to some of the violence. Testimony from, among others, respondent's mother, brother and sister indicated that respondent had an acute alcohol problem, she was verbally abusive when she drank, she had occasionally used marihuana and she had used profanity and sexually explicit language around the child. While respondent had made progress in addressing some of

her problems, her arrest for driving while intoxicated in 2001, at a time when her drinking problem was being used against her in pending custody and neglect proceedings, reflects an inability to effectively control or curb her drinking problem. Family Court found credible the testimony that respondent had interfered with petitioner's visitation.

Although petitioner had been incarcerated for a drug-related crime committed in 1982, Family Court accepted his testimony that he has overcome his drug problems. Petitioner voluntarily involved himself in the child's life, appears to love the child, has provided child support and attempted to conscientiously exercise his visitation rights. Petitioner's involvement in the child's first two years of life was somewhat limited. Such limited involvement, however, did not necessarily reflect petitioner's choice. He ostensibly has a stable job and shares a two bedroom apartment with his fiancée in the City of Schenectady, Schenectady County. While the current case is clearly vexing and close, factors such as domestic violence, interference with a noncustodial parent's visitation rights and the existence of an alcohol problem that manifests itself in abusive conduct can support a change in custody (*see Matter of Bishop v Livingston*, 296 AD2d 602, 604; *Matter of James MM. v June OO.*, 294 AD2d 630; *Matter of Megan G.*, 291 AD2d 636; *Matter of Markey v Bederian*, 274 AD2d 816). Deferring to Family Court's credibility findings, we are persuaded that its decision is supported by a sound and substantial basis in the record.

Finally, we address briefly respondent's contention that Family Court erred when it incorporated by reference most of its factual findings from the Law Guardian's report. While such a procedure is not a commendable model (particularly in a closely contested custody case such as was involved here), Family Court indicated that it was adopting the Law Guardian's report "[b]ased upon its *independent recollection* of the testimony and exhibits" (emphasis added) and, thus, the procedure does not provide a basis for reversal (*cf. Matter of Baxter v Perico*, 288 AD2d 717 [proposed findings of Law Guardian adopted by Family Court in terminating a grandmother's visitation rights]).

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.