■ In the Matter of JAMES J. COBB, Respondent, v KATHY COBB, Appellant. [771 NYS2d 476]—

Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered September 27, 2002. The order found respondent in contempt of court for willfully violating an order mandating that respondent and the parties' child obtain counseling.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: We conclude that Family Court properly found respondent in contempt of court. The record establishes that respondent was aware of an order mandating that she and the parties' child obtain counseling and that she willfully violated that order (*see Matter of Hicks v Russi*, 254 AD2d 801 [1998]). We note, however, that the court improperly directed the Law Guardian to prepare and file a "law guardian report" with the court ex parte, inasmuch as a law guardian "is the attorney for the children . . . and not an investigative arm of the court" (*Weiglhofer v Weiglhofer*, 1 AD3d 786, 788 n 1 [2003]; *see Matter of Rueckert v Reilly*, 282 AD2d 608, 609 [2001]). Indeed, a law guardian should not submit any pretrial report to the court or engage in any ex parte communication with the court (*see* NY State Bar Assn Commn. on Children and the Law, Law Guardian Representation Standards, vol 2, Standards B-6, B-7 [Nov. 1999]). Moreover, the court improperly directed the Law Guardian to testify as a witness. The Law Guardian's testimony on behalf of petitioner in this case appears to have been in direct contravention of Code of Professional Responsibility DR 5-102 (c) (22 NYCRR 1200.21 [c]), which provides that "[i]f, after

undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that the lawyer ought to be called as a witness on a significant issue on behalf of the client, the lawyer shall not serve as an advocate on issues of fact before the tribunal . . . ." Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Kehoe and Gorski, JJ.