In the Matter of ALICIA J. DELAFRANGE, Respondent, v KENNETH P. DELAFRANGE, Appellant. ALAN J. BURCZAK, as Law Guardian, Appellant. [806 NYS2d 769]—

Kane, J. Appeals from two orders of the Family Court of Clinton County (Lawliss, J.), entered June 10, 2004, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Pursuant to a 2003 custody order, the parties shared joint legal custody of their sons, Kenneth (born in 1989) and Kristian (born in 1991), with respondent (hereinafter the father) having primary physical custody and petitioner (hereinafter the mother) having visitation. The mother filed a petition in Saratoga County, where she resided, seeking legal and physical custody of both boys. Family Court transferred the matter to Clinton County, where the father and boys resided. Following a hearing, the court granted the father sole legal and physical custody of Kenneth and granted the mother sole legal and physical custody of Kristian, with each party having visitation with the son not in his or her custody. The father appeals from that order. Kenneth, through his Law Guardian, appeals from the portion of that order granting the mother custody of Kristian, and from an order of protection.*

The father was not entitled to dismissal of the petition on personal jurisdiction grounds. A liberal reading of the affidavit of service establishes that the father was served the petition (see Bossuk v Steinberg, 58 NY2d 916, 918 [1983]). He failed to offer any proof in support of his motion to dismiss; a conclusory denial of service is insufficient to raise any issue of fact necessitating a traverse hearing (see Matter of Shaune TT., 251 AD2d 758, 758-759 [1998]).

There is also no merit to the father's argument that he was denied his right to counsel as guaranteed by Family Ct Act § 262. While Family Court did not specifically advise the father of this

---

* Counsel for the parties acknowledged at oral argument that the order of protection has been modified. We thus decline to address it.

right, the court addressed the father's application for assigned counsel, indicating that it had been rejected and more financial proof was required (*see Matter of Iadicicco v Iadicicco*, 270 AD2d 721, 723 [2000]). The matter was rendered moot when the court transferred venue to Clinton County, where counsel was assigned before the first appearance and was present with the father for all proceedings thereafter. Thus, the father received the benefit of counsel, as was his right (*see Matter of Fralix v Thornock*, 9 AD3d 890, 890 [2004]; *compare Matter of Wilson v Bennett*, 282 AD2d 933, 934-935 [2001] [reversing despite lack of prejudice where party, not informed of right to counsel, participated in hearing pro se]).

Family Court did not err in granting each parent custody of one child. "Although siblings should generally be kept together, this rule is not absolute and may be overcome where, as the record here shows, 'the best interest of each child lies with a different parent' " (*Matter of Jelenic v Jelenic*, 262 AD2d 676, 677 [1999], quoting *Matter of Copeland v Copeland*, 232 AD2d 822, 823 [1996], *lv denied* 89 NY2d 806 [1997]). Each child here had a better relationship with one parent and an antagonistic relationship with the other parent. While not determinative, each child expressed a preference to live with the parent with whom he had a better relationship (*compare Matter of Jelenic v Jelenic, supra* at 677). While it would be inappropriate for the court to rely on such preferences alone, additional record evidence supports a change of Kristian's custody to the mother. Although the boys had a close relationship, neither opposed the other's choice regarding where he wanted to live. Based on the record, and giving due deference to the court's ability to observe the witnesses, we conclude that a sound and substantial basis exists to support the split custody arrangement (*see Matter of Donahue v Buisch*, 265 AD2d 601, 604 [1999]; *Matter of Jelenic v Jelenic, supra* at 677).

Crew III, J.P., Carpinello and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.