■ In the Matter of NATASHA GRAHAM, Respondent, v TODD GRAHAM, Appellant. [806 NYS2d 755]—

Spain, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered December 17, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent, now divorced, are the parents of a daughter born in 1995. The custody arrangement between the parties was first established in California where the parties then resided and, after petitioner moved to Washington, D.C. and respondent moved to New York, was continued early in 2004—after a trial—by order of Family Court, Schoharie County. By that order, the child resided with respondent during the school year with petitioner having primary access during the summer, various holidays and each of the three-day holiday weekends during the school year. In July 2004, petitioner commenced this proceeding seeking to modify that custody arrangement, alleging a change in circumstances in the form of, among other things, respondent's alleged increased alcohol abuse. Following a Family Ct Act § 1034 investigation, a new fact-finding hearing and a *Lincoln* hearing, Family Court granted the petition and awarded joint legal custody to both parties, but with primary physical custody to petitioner and the three-day school year weekends, summer and holiday access to respondent. On respondent's appeal, we now affirm.

As the proponent for a change in an existing custody arrangement, it was petitioner's burden to make "a showing of changed circumstances demonstrating a real need for a change to ensure the child's best interest" (*Matter of Oddy v Oddy*, 296 AD2d 616, 617 [2002]). In evaluating the existence of changed circumstances, "[d]eference is accorded Family Court's determination because it is in the best position to evaluate the credibility of the parties, and its findings will be disturbed only if unsupported by a sound and substantial basis in the record" (*Matter of Yizar v Sawyer*, 299 AD2d 767, 768 [2002]).

Here, our review of the record reveals such competing facts and divergent testimony that we are unable to conclude that Family Court's determination lacks evidentiary support. The difficultly in making a choice between the conflicting positions argued in this case is reflected by the great reluctance with which the Law Guardian advocated for a change in custody (*see*

*id.* at 768). Respondent is obviously a loving father who has demonstrated a willingness to cooperate with court-ordered assessments and restrictions in order to retain custody. He has, however, according to record evidence, also exhibited sufficiently irresponsible behavior during the relevant period to support the determination of Family Court. Specifically, on at least four occasions, respondent had become intoxicated to the point of becoming incapacitated. Although on these occasions others were present to care for the physical well-being of the child, these instances nevertheless negatively impacted the child in that she was, on at least two occasions, placed in the position of attempting to revive or care for her inebriated father. Further, at the time the petition was filed, respondent's live-in girlfriend, who had shared the responsibility of parenting the child, had moved back to California, as did—soon thereafter—respondent's father and his wife, who had lent additional support to respondent, leaving respondent without any local extended family to rely on for assistance.

On the other hand, although petitioner has also exhibited unacceptable behavior in allowing her animosity toward respondent to interfere with her responsibility to her child, as evidenced, for example, by her resistance to paying child support, she offers a greater degree of continuity and stability to the child. Moreover, no allegations have been made that her home is unsafe or that her behavior—to this point—has negatively impacted the child. We view the record evidence, taken as a whole, to be sufficient to support Family Court's conclusion that a change in circumstances existed and that it was in the child's best interest to modify the existing custody arrangement (*see Matter of Hrusovsky v Benjamin*, 274 AD2d 674, 676 [2000]; *Matter of Caccavale v Brown*, 271 AD2d 717, 719 [2000]; *Matter of Weeden v Weeden*, 256 AD2d 831, 832-833 [1998], *lv denied* 93 NY2d 804 [1999]; *cf. Matter of.Banks v Hairston*, 6 AD3d 886, 887 [2004]).

It was, however, improper for Family Court to direct the child's attorney, the Law Guardian, to file a "report" in this case (*see Weiglhofer v Weiglhofer*, 1 AD3d 786, 788 n [2003]). Notably, the Law Guardian was careful to characterize his written submission at the end of the proof as his "summation" and appropriately relied solely on record evidence in support of his position. Family Court, however, not only referred to the "summation" as a "report" but, in lieu of making independent findings, adopted—in its own decision—the Law Guardian's submission in its entirety. The Law Guardian also made "recommendations" in his submission; evidence that he, as well as Family Court, may have misunderstood his role.

The use by a court of the "recommendation of the Law Guardian" has too long been tolerated in Family Court and matrimonial proceedings. When a court asks the child's attorney to make "a recommendation," it improperly elevates the Law Guardian's position to something more important to the court than the positions of the attorneys for each of the parents. Attorneys representing parents do not advocate on behalf of their clients by making "reports" and "recommendations." The Law Guardian should take a position on behalf of the child at the completion of a proceeding—whether orally, on the record, or in writing (*see id.* at 788 n)—and that position must be supported by evidence in the record.

The findings and conclusions that we have made in this case are based upon our search of the record with due deference to Family Court's credibility assessments. We have not given the Law Guardian's summation greater weight than the arguments and positions of the attorneys for the parents and we have treated the "recommendations" of the Law Guardian more properly as the position of the attorney representing the child.

We have considered respondent's remaining contentions and find them to be without merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.