██ In the Matter of Amy L.W., Respondent, v Brendan K.H., Appellant. [830 NYS2d 408]—

Appeal from an order of the Family Court, Cayuga County (Peter E. Corning, J.), entered May 8, 2006 in a proceeding pursuant to Family Court Act article 6. The order granted the petition and awarded petitioner sole custody of the parties' child and visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted the petition seeking to modify the parties' existing joint custody arrangement by awarding sole custody of the parties' child to petitioner and visitation to respondent. Contrary to respondent's contention, the custody determination "is supported by a sound and substantial basis in the record" and thus will not be disturbed (*Sorce v Sorce*, 16 AD3d 1077, 1077 [2005]; *see Matter of Westfall v Westfall*, 28 AD3d 1229, 1230 [2006], *lv denied* 7 NY3d 706 [2006]; *Matter of Thayer v Ennis*, 292 AD2d 824, 825 [2002]). Also contrary to respondent's contention, the record establishes that the court properly weighed the appropriate factors in awarding sole custody to petitioner (*see generally Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]; *Matter of John P.R. v*

*Tracy A.R.*, 13 AD3d 1125 [2004]; *Matter of Schlafer v Schlafer*, 6 AD3d 1202 [2004]), including an evaluation of the character and relative parental fitness of the parties (*see Matter of Pinkerton v Pensyl*, 305 AD2d 1113 [2003]; *see also Eschbach*, 56 NY2d at 173). The record does not support the contention of respondent that the court was biased against him (*see Matter of Jocelyne J.*, 8 AD3d 978 [2004]; *Matter of Angie M.P.*, 291 AD2d 932, 933 [2002], *lv denied* 98 NY2d 602 [2002]).

Respondent further contends that reversal is required because the court asked the Law Guardian to submit a "confidential report" to the court, ex parte, on the issue of custody (*see generally Matter of Cobb v Cobb*, 4 AD3d 747 [2004], *lv dismissed* 2 NY3d 759 [2004]). Respondent failed to preserve that contention for our review (*see generally Matter of Tracy v Tracy*, 309 AD2d 1252, 1253 [2003]). In any event, even assuming, arguendo, that the court requested the report and considered it, we conclude that "[i]t appears from the court's decision that the court placed [no] reliance" on the contents of the report (*id.*). In addition, the Law Guardian's report did not refer to any facts or allegations not otherwise fully explored at the hearing. We thus conclude that any error with respect to the alleged confidential report is harmless (*see id.; Matter of Jelenic v Jelenic*, 262 AD2d 676, 678 [1999]).

Finally, we decline to grant petitioner's request for an award of attorney's fees incurred in responding to this appeal (*cf. Burke v Burke*, 185 AD2d 625 [1992]). Present—Gorski, J.P., Fahey, Peradotto, Green and Pine, JJ.