In the Matter of MITCHELL TREIDER, Respondent, v TAMMY LAMORA, Appellant. (And Another Related Proceeding.) [846 NYS2d 389]—

Rose, J. Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered February 3, 2005, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for custody of the parties' child.

The parties are the father and mother of a daughter born in 1995 while they were residing in Florida. In 1999, the mother moved with the child to New York. When the father filed a petition here seeking custody in April 2003, Family Court granted him temporary custody and, since the fall of 2003, the child has resided with him in Florida. The mother then cross-petitioned for custody, a hearing was held and the referee filed a lengthy report recommending that custody be awarded to the father. Family Court then issued an order confirming the referee's report, granting the father sole legal and physical custody in

Florida, and awarding extensive visitation to the mother. She now appeals and we affirm.*

The overriding concern in a custody determination is the best interests of the child under all the circumstances (*see Matter of Hildenbrand v Hildenbrand*, 37 AD3d 981, 981 [2007]; *Matter of Hostetler v Montanye*, 30 AD3d 720, 721 [2006], *lv denied* 7 NY3d 710 [2006]). Because Family Court is in the best position to evaluate the credibility of the witnesses, its factual findings will be accorded great deference (*see Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]). Further, its determinations will not be disturbed if they have a sound and substantial basis in the record (*see Matter of Moore v Barrett*, 13 AD3d 926, 928 [2004]). Here, the testimony established that the mother had relinquished care and custody of the child to her sister for long periods of time, and that this was done to relieve the mother of her care and to punish the child for misbehavior. The mother also punished the child by withholding food, disciplined her by threatening to send her to foster care or back to Florida, threatened her with extreme physical harm, verbally abused her and smoked heavily in her presence. The mother even blamed the child for her own admittedly inappropriate responses to the child's behavior. Thus, Family Court reasonably concluded that the mother lacked an understanding of basic parenting despite having been the primary caregiver, and the father would provide better care for the child (*see Matter of Storch v Storch*, 282 AD2d 845, 846-847 [2001], *lv denied* 96 NY2d 718 [2001]).

Next, while we agree with the mother's contention that Family Court clearly erred in appointing its law clerk as referee to hear this custody dispute (*see Carpenter v Carpenter*, 278 AD2d 695, 696 [2000]), the parties concede that they were aware of this impropriety and did not object to the law clerk serving as referee. Since the error is not a jurisdictional defect and "a party may not challenge the qualifications of a [r]eferee for the first time on appeal" (*Matter of Scinta v Scinta*, 129 AD2d 262, 265 [1987]; *see Matter of Barone v Milks*, 289 AD2d 931, 932 [2001]), the mother waived this objection.

The mother also argues that denial of her motion made on the eve of trial to disqualify the father's counsel, David LaPlant, was an abuse of discretion. However, given the lack of proof of a prior attorney-client relationship or that any relevant confidential information was conveyed to LaPlant, the referee did not

---

* Although this appeal was originally scheduled to be heard in September 2006, it was adjourned due to the retirement of the mother's counsel, the assignment of new counsel, and the filing of a new brief and record on appeal.

err in denying the mother's motion (*see Murphy v Colbert*, 203 AD2d 619, 620 [1994]; *Sucese v Kirsch*, 199 AD2d 718, 719 [1993]).

The mother next contends that by twice prohibiting her from consulting with counsel during overnight recesses that interrupted her testimony, the referee denied her the right to counsel. This issue, however, is not before us as there was no objection made to the referee's rulings and it is raised for the first time in the mother's new appellate brief (*see Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]; *Matter of Gordon L. v Michelle M.*, 296 AD2d 628, 630 [2002]). Given the four years that have elapsed since physical custody of the parties' child was granted to the father and the mother's failure to demonstrate any significant prejudice, we decline to review the issue.

Also unpreserved is the mother's challenge to Family Court's receipt of a Law Guardian's "report" containing facts outside the record (*see Matter of Amy L.W. v Brendan K.H.*, 37 AD3d 1060, 1061 [2007]). In any event, while such a submission is surely inappropriate (*see Weiglhofer v Weiglhofer*, 1 AD3d 786, 788 n [2003]), the error was harmless here because Family Court's decision is fully supported by facts within the record (*see Matter of Graham v Graham*, 24 AD3d 1051, 1054 [2005], *lv denied* 6 NY3d 711 [2006]; *Matter of Jelenic v Jelenic*, 262 AD2d 676, 678 [1999]; *Matter of Rush v Rush*, 201 AD2d 836, 838 [1994]).

Finally, the mother argues that she was denied the effective assistance of counsel. We disagree. Given the apparent lack of precedent holding that preclusion of overnight consultation with counsel in a noncriminal proceeding is improper, we will not consider counsel's representation to be ineffective for failure to object to the referee's ruling. Also, as to the failure to submit findings of fact, the record contains ample support for the findings actually made by Family Court. Significantly, the mother's counsel was successful in procuring an adjournment after being retained shortly before the scheduled trial date, elicited testimony which was highly detrimental to the father, made appropriate objections and vigorously cross-examined the father's witnesses. For these reasons and since Family Court largely rejected the mother's contentions due to her own lack of credibility, we find no merit in her ineffective representation claim (*see Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *Matter of Grenier v Allen*, 296 AD2d 619, 620 [2002], *lv denied* 98 NY2d 615 [2002]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.