In the Matter of Lucas LaFountain, Appellant, v Lauren Gabay, Respondent. (And Another Related Proceeding.) [891 NYS2d 728]—

Spain, J.P.

The parties, who are the unmarried parents of a son (born in 2003) and a daughter (born in 2005), resided in the Town of Warrensburg, Warren County for upwards of five years during which time petitioner (hereinafter the father) admittedly abused a multitude of illegal drugs on a regular basis. In September 2006, after a physical altercation between the parties, respondent (hereinafter the mother) took the children to Orange County to live with her father. Thereafter, both parties filed custody petitions and, in March 2007—upon the consent of both parties—an order of joint custody was entered in Family Court, Warren County, with physical custody to the mother and parenting time to the father as supervised by his parents. After an altercation with her father in September 2007, the mother moved to New Jersey with the children. Shortly thereafter, both parties filed petitions for full custody and, in October 2007, Family Court granted the father temporary custody of the children. The mother returned to reside in Warren County and, in December 2007, the parties filed new cross petitions each seeking, among other things, full custody of the children.* After a full hearing, Family Court found that a sufficient change in cir-

---

* Family Court dismissed the petitions filed prior to December 2007 and proceeded on the new petitions.

cumstances had occurred and, among other things, granted full custody to the mother and supervised parenting time to the father. The father now appeals.

Initially, we note that there is no dispute that a substantial change in circumstances was demonstrated. Indeed, given—among other things—the deterioration in the parties' relationship, Family Court correctly found that a change in circumstances occurred warranting an inquiry into whether a modification of the existing arrangement is necessary to further the best interests of the children (*see Matter of Samuel v Samuel*, 64 AD3d 920, 921 [2009]; *Matter of Passero v Giordano*, 53 AD3d 802, 803 [2008]). Among the many factors to be considered in assessing children's best interests are the parents' ability to maintain the stability of the children, their respective home environments, past performance, relative fitness, ability to provide for the overall well-being of the children and willingness to foster a positive relationship with the other parent (*see Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]). Moreover, because Family Court has the opportunity to assess each witness's credibility, we will accord great deference to its findings, unless they lack a sound and substantial basis in the record (*see Matter of Fletcher v Young*, 281 AD2d 765, 767 [2001]).

A careful review of the record reveals that both parents have demonstrated serious deficiencies in their parenting skills. There is, nonetheless, ample support for Family Court's conclusion that the mother—despite her shortcomings—was the only parent that was drug free and "ready, willing and able" to care for the children at the time of the court's decision. The father, who has a long history of polysubstance abuse, admitted to smoking crack cocaine during the period of time in which the fact-finding hearing was proceeding. Indeed, it is significant that the father placed his drug habits above the well-being of his children even while fighting for their custody (*see Matter of Valenti v Valenti*, 57 AD3d 1131, 1134 [2008], *lv denied* 12 NY3d 703 [2009]). The record also supports the court's finding that the mother was more capable of fostering a positive relationship between the children and the father and their paternal grandparents. Viewing the totality of the record before us, including the court-ordered forensic evaluation, we cannot say that Family Court's determination lacks a sound and substantial basis in the record.

Finally, the children's Law Guardian now advocates in support of Family Court's determination, but requests that this Court modify the detailed order and direct that the mother engage in parenting education and therapeutic counseling.

Given that this Court's review power and authority is as broad as that of Family Court (*see id.* at 1132), and in light of the findings and recommendations of the forensic evaluator, we agree and direct that the mother cooperatively attend and complete a parenting education program and engage in therapeutic counseling.

We have considered the father's remaining contentions and find them unavailing.

Rose, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the facts, without costs, by directing that respondent cooperatively attend and complete a parenting education program and engage in therapeutic counseling forthwith, and, as so modified, affirmed.