◼ In the Matter of EDWARD J. CARD SR., Respondent, v KERRY J. RUPERT, Appellant. (And Another Related Proceeding.) [896 NYS2d 490]—

Malone Jr., J. Appeal from an order of the Family Court of Madison County (Garramone, J.H.O.), entered February 6, 2009, which, among other things, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

In January 2008, respondent (hereinafter the mother) was awarded sole custody of the parties' child (born in 2002) and petitioner (hereinafter the father) was granted visitation and, among other things, the right to be consulted on "all major decisions regarding the child." Pursuant to that order, which was entered with the parties' consent, each was prohibited from consuming alcohol in the child's presence. Seven months later, the father commenced these proceedings seeking sole custody of the child, alleging that the mother was consuming alcohol in the child's presence and seeking to enforce the order, alleging that the mother had re-enrolled the child in kindergarten without consulting him. After fact-finding and *Lincoln* hear-

ings, Family Court awarded the parties joint legal custody with primary physical custody to the father. The mother appeals.

Although Family Court did not specifically articulate a finding that the father established that a substantial change in circumstances occurred warranting a modification of the prior custody order, the record here demonstrates that a sufficient change in circumstances occurred that warranted a best interests analysis (*see Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]). For example, the mother admitted that she unilaterally decided to re-enroll the child in kindergarten at a different school (*see Matter of Martin v Martin*, 45 AD3d 1244, 1246 [2007]), which was in contravention of the prior custody order, and it was revealed that the child often spends several nights a week at a babysitter's house.

As for the child's best interests, Family Court was required to consider, among other things, the child's wishes, the quality of each party's home environment, and the relative fitness and ability of each party to guide and provide for the child's overall development (*see Matter of Rue v Carpenter*, 69 AD3d 1238, 1239-1240 [2010]; *Matter of Burola v Meek*, 64 AD3d 962, 965 [2009]). Here, the record establishes that, due to the mother's work schedule, the child regularly spends several nights away from home, whereas he would be able to spend each night in his own bed if he lived with the father. There is also some evidence that the bruising observed on the child was not the result of the child's play activities, as the mother claimed, but, rather, was caused by the mother herself. Additionally, the mother admitted to consuming alcohol on at least one occasion since the entry of the prior order, despite her history of alcohol abuse and her prior involvement in an alcohol counseling program. However, there is no evidence to suggest that the father is an unsuitable custodian for the child. Upon our review of the record, including the information to be gleaned from the *Lincoln* hearing, it cannot be said that Family Court's award of primary physical custody to the father lacks a sound and substantial basis (*see Matter of LaFountain v Gabay*, 69 AD3d 994, 995 [2010]).

As a final matter, it was clearly improper for Family Court to request that the Law Guardian provide a recommendation and equally improper for the Law Guardian to comply with that request (*see e.g. Matter of Devin XX.*, 20 AD3d 639, 641 [2005]; *Weiglhofer v Weiglhofer*, 1 AD3d 786, 788 n [2003]). However, because the record amply supports the court's decision, such error is deemed harmless (*see Matter of Treider v Lamora*, 44 AD3d 1241, 1243 [2007], *lv denied* 9 NY3d 817 [2007]; *Matter of Rush v Rush*, 201 AD2d 836, 838 [1994]).

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.