Garry, J.
*1431 Respondent’s sole contention is that Family Court erred in relying upon a report submitted by the attorney for the children that contained facts not in evidence.* In the absence of a timely objection, this claim was not preserved for our review (see Matter of Treider v Lamora, 44 AD3d 1241, 1243 [2007], lv denied 9 NY3d 817 [2007]; Matter of Amy L.W. v Brendan K.H., 37 AD3d 1060, 1061 [2007]). In any event, although it is well established that such reports should not be submitted (see Matter of VanDee v Bean, 66 AD3d 1253, 1255-1256 [2009]; Usack v Usack, 17 AD3d 736, 738 n [2005]; Weiglhofer v Weiglhofer, 1 AD3d 786, 788 n [2003]), the error was harmless. The court made no reference whatsoever to any of the factual assertions improperly contained therein, but merely noted the position stated by the attorney for the children as their advocate (see Matter of VanDee v Bean, 66 AD3d at 1256; Matter of Graham v Graham, 24 AD3d 1051, 1054 [2005], lv denied 6 NY3d 711 [2006]; Matter of Rush v Rush, 201 AD2d 836, 837-838 [1994]). The determination was amply supported by the evidence adduced at the hearing, and need not be disturbed (see Matter of Henderson v MacCarrick, 74 AD3d 1437, 1440-1441 [2010]; Matter of Card v Rupert, 70 AD3d 1264, 1265 [2010]; Matter of Treider v Lamora, 44 AD3d at 1243).
Peters, P.J., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.

 The record indicates that Family Court requested the report because the attorney for the children did not expect to be able to appear at the hearing. However, the attorney for the children did appear and participated in the hearing, and copies of the report were distributed to the parties’ counsel without objection.