Matter of Leandra R. v Steven S. (2025 NY Slip Op 01025)

Matter of Leandra R. v Steven S.

2025 NY Slip Op 01025

Decided on February 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 20, 2025

CV-23-1787
[*1]In the Matter of Leandra R., Appellant,
v
Steven S., Respondent.

Calendar Date:January 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

Paul J. Connolly, Delmar, for appellant.
Timothy J. Lawliss, Peru, attorney for the child.

Garry, P.J.
Appeal from an order of the Family Court of Essex County (Richard Meyer, J.), entered August 25, 2023, which, in a proceeding pursuant to Family Ct Act article 6, transferred the proceeding from Essex County to Steuben County.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of the subject child (born in 2007). In November 2016, Steuben County Family Court (Latham, J.) awarded the mother sole legal and physical custody of the child, permitted her to relocate with the child out of state and granted the father parenting time as the parties could agree. In August 2023, the mother filed a violation petition in Essex County Family Court alleging that the child was living with the father out of state and that he had not allowed the child to communicate with her for an extended period. Essex County Family Court (Meyer, J.), after finding that neither the parents nor the child had ever resided in Essex County and discovering a pending custody proceeding concerning the child in Arizona, transferred the proceeding to Steuben County Family Court for a first appearance so that the issue of jurisdiction could be addressed. The mother appeals from that order of transfer. Following the transfer, Steuben County Family Court (Roche, J.) dismissed the proceeding, finding that New York no longer has jurisdiction over the child.[FN1]
Subject to an exception not applicable here, there is no appeal as of right from a nondispositional order in a Family Ct Act proceeding (see Family Ct Act § 1112 [a]), and orders of transfer are nondispositional (see Matter of McDermott v McDermott, 69 AD3d 1008, 1008 [3d Dept 2010]; Matter of Young v Morse, 92 AD2d 706, 706 [3d Dept 1983]). The mother requests that we exercise our discretion to treat the notice of appeal as an application for permission to appeal and grant such relief (see Family Ct Act § 1112 [a]). Here, however, a final judgment has been entered, in another Department, and the rights of the parties will not be directly affected by the determination of this appeal (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; Matter of McDermott v McDermott, 69 AD3d at 1008; Matter of Harley v Harley, 129 AD2d 843, 843-844 [3d Dept 1987]; see also Matter of Delafrange v Delafrange, 24 AD3d 1044, 1045-1046 [3d Dept 2005], lv denied 8 NY3d 809 [2007]). The exception to the mootness doctrine is not asserted, and we do not find that it applies (see generally Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715). Accordingly, the appeal is dismissed.[FN2]
Pritzker, Ceresia, Powers and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: According to the dismissal order, supplied to this Court by the attorney for the child, the mother lost custody of the child in connection with a child protective proceeding while the two were living in New Hampshire, and Arizona subsequently accepted jurisdiction of custody matters concerning the child while the parties and the child were living there. It appears that the Arizona court ultimately awarded the father sole legal and physical custody of the child and granted the mother certain parenting time.

Footnote 2: We note that the attorney for the now-17-year-old child supports this disposition.