Rose Klein, Suing as a Stockholder of and on Behalf of Klein's Outlet, Inc., Respondent, *v.* Klein's Outlet, Inc., et al., Appellants, et al., Defendants.

First Department, June 2, 1944.

*Louis Jay Brecher* of counsel (*Maurice Freiman* with him on the brief; *Freiman & Brecher,* attorneys), for appellants.

*Abraham Lillienthal* of counsel (*Arthur Morris* with him on the brief; *Arthur Morris* and *Morris Okoshken,* attorneys), for respondent.

*Per Curiam.* The Referee's request for fees in excess of those allowed by the statute and defendants' refusal to stipulate for the payment of such fees, disqualified her from proceeding with the reference. As was said by INGRAHAM, J., in *Smith* v. *Dunn* (94 App. Div. 429, 436) : " When a member of the bar is requested to act as referee it is entirely within his right to refuse to act for the legal fees, and the question for the counsel to determine is whether they are willing to stipulate that the referee be allowed to charge such an additional fee as will induce him to act; but when the referee has taken such a position and requested counsel in the case to agree that his fees be fixed at a rate exceeding that allowed by the Code of Civil Procedure, he has then placed himself in a position in which it is manifestly improper to proceed with the reference, in case either of the counsel refuses to stipulate for the increased compensation." , (See, also, *Miles Laboratories* v. *American Pharmaceutical Co.,* 261 App. Div. 108.)

Had the application been properly made herein, the Referee should have been removed. It appears, however, that although the defendants made a formal objection on the record, they nevertheless proceeded with the reference. Some sixteen hearings were had, a thousand pages of testimony were taken, and the time consumed by the reference was over a year. Under these conditions it must be deemed that the defendants waived their objection to the qualifications of the Referee. (See *Fisher* v. *Fisher,* 223 App. Div. 19, affd. 250 N. Y. 313, and *Shorr* v. *Marwill Realty Corp.,* 258 App. Div. 33.)

The orders should be affirmed, each with ten dollars costs and disbursements.

TOWNLEY, GLENNON, DORE and COHN, JJ., concur; MARTIN, P. J., dissents from the affirmance of the order entered June 17, 1942, and votes to reverse and grant the motion to remove the Referee.

Orders affirmed, each with ten dollars costs and disbursements to the respondent. [See *post,* pp. 770, 848.]