■ NATIONAL BANK OF NORTH AMERICA, Respondent, v NEW PALTZ GROWERS, INC., et al., Appellants, et al., Defendants. — Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered August 3, 1981 in Ulster County, which, *inter alia,* denied a motion by defendants New Paltz Growers, Inc., and Jack Erman to disqualify the referee in connection with the underlying foreclosure action and granted the referee's cross motion to set his fees. By order of Special Term dated November 13, 1979, a referee was appointed for the purpose of determining the amount due on the mortgage loans which are the subject of the underlying action, and whether the mortgaged premises could be sold in one parcel. Sometime thereafter, the referee advised plaintiff bank that his fee in the matter would be calculated at the rate of $100 an hour. Plaintiff bank, after discussion with counsel for defendants, informed the referee that the parties had been unable to come to any agreement and suggested that he make application to the court for the fixing of his fee pursuant to CPLR 8301 (subd [d]). The referee responded with the message that he would make such an application. However, sometime later he advised the parties by letter dated April 8, 1981 that it was his intention "to bill the respective parties $100 per hour for my work as a referee", and went on to add that if this was not acceptable, the parties were to take whatever steps they deemed necessary. Plaintiff immediately notified the referee that it had no objection to the billing arrangements. Defendants New Paltz Growers, Inc.,

* Since this proceeding concerns only income derived by Axel H. Baum, he will henceforth be referred to as "petitioner".

and Jack Erman, however, moved by order to show cause for the disqualification of the referee, contending that their reluctance to agree to the requested fee rate, in the face of plaintiff's ready agreement, was certain to have incurred the referee's displeasure. Defendants' motion was denied and the referee's cross motion, pursuant to CPLR 8003 (subd [a]) for the establishment of a fair and adequate rate of compensation was granted. The fee was then fixed at the rate of $75 an hour and from that order defendants appeal. If a referee is dissatisfied with and unwilling to accept the statutory fees, and the parties, of their own volition, have failed to agree and stipulate to an acceptable fee, his course of action is to seek relief from the court and not from the parties. CPLR 8301 (subd [d]) and 8003 (subd [a]), read in conjunction, provide a ready mechanism toward this end. Subdivision (d) was designed and enacted to avoid the "inequity created by the divergence between the actual cost for such services * * * and the far lower 'legal' charge, which is the maximum amount taxable" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 8301:1, p 192). At bar, the referee chose, instead, to seek relief from the parties and only when he was unable to achieve his end did he resort to relief from the court through his cross motion. By that time, the evil which the mechanism seeks to avoid had already occurred and the referee had placed himself in such a position that a party to the action was justified in feeling that the referee was not impartial, and the party entertaining such a conviction should not be compelled to continue the trial of the case before such referee (see *Smith v Dunn,* 94 App Div 429). Where, as here, the referee·has taken such a position and requested counsel in the case to agree that his fees be fixed at a rate exceeding the statutory allowance, he has then placed himself in a position in which it is manifestly improper to proceed with the reference, in case either counsel refuses to stipulate for the increased compensation (*Klein v Klein's Outlet,* 268 App Div 27). It is not necessary that there be a finding that the referee was prejudiced or that any act of his showed prejudice against defendants (*Smith v Dunn, supra,* p 437). In such a situation, the referee will be removed at the instance of the party refusing his request (*Miles Labs. v American Pharm. Co.,* 261 App Div 108). Referees ought, like jurors, to be vigilant to avoid evil, to avoid taking a line of conduct which *may* affect their freedom of mind and neutrality in the cases under consideration (*Smith v Dunn, supra*). When one has agreed to act, he must conduct himself throughout the proceeding in a manner that will not cast any reflection on the administration of justice. Undue concern on the part of the referee regarding the amount of his fee, or security for the payment thereof, is, to say the least, injudicious and is not likely to inspire a feeling of confidence in the integrity of the referee (*Shorr v Marwill Realty Corp.,* 258 App Div 33). Accordingly, defendants' motion should have been granted and the referee's cross motion denied. Order reversed, on the law and the facts, without costs; motion granted and cross motion denied. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.