In the Matter of BONITA M. SCINTA, Appellant, v RICHARD J. SCINTA, Respondent.

Fourth Department, July 10, 1987

## APPEARANCES OF COUNSEL

*Arcangelo J. Petricca* for appellant.

*LoTempio & Brown, P. C. (Frank L. LoTempio, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

DOERR, J.

This appeal brings up for review the applicability of Judiciary Law § 251-a and CPLR 4312 (3) and (5), specifically the propriety of the appointment of a law clerk to a Supreme Court Justice as a Referee to hear and report on postjudgment matters before the court.

On March 13, 1984 plaintiff Bonita Scinta obtained a default judgment of divorce against defendant, which judgment incorporated the terms of a separation agreement previously entered into by the parties. A Supreme Court Justice heard the default divorce proceedings. Insofar as is relevant to this appeal, the separation agreement provided that defendant Richard Scinta was to have physical custody of the infant child of the marriage and that plaintiff had no obligation to pay child support. At the time, plaintiff had only nominal employment while defendant was employed full time for a trucking company. By 1986, the circumstances of the parties had changed: plaintiff had remarried and was employed full time as a secretary while defendant's employer became bankrupt, after which defendant was able to obtain only casual employment through the Teamsters' Union. His income was reduced to one third of what it had been at the time the parties signed the separation agreement, while plaintiff's income increased severalfold. Defendant moved to modify the divorce judgment to require plaintiff to pay child support and plaintiff opposed the motion. The Supreme Court Justice to whom the motion was addressed referred the matter to his confidential law clerk to hear and report.*

After a lengthy hearing at which the issues were vigorously contested, the Referee recommended that the motion be granted and that plaintiff be required to pay to defendant $75 per week toward the support of the child. The court thereupon

---

* By administrative order dated April 28, 1986, effective May 1, 1986, the Administrative Judge for the Eighth Judicial District had designated the law clerk "as a referee to hear actions pursuant to the Judiciary Law Section 251-a".

"confirmed" the Referee's report and ordered payments of $75 per week by plaintiff to defendant.

Prior to 1976, confidential clerks to Supreme Court Justices were specifically prohibited from serving as Referees in any capacity whatsoever (see, Judiciary Law § 251-a, added by L 1927, ch 186; CPLR 4312; Civ Prac Act of 1920 § 468; § 1174, as amended by L 1927, ch 220). Because of the proliferation of divorce actions in New York State, a significant backlog of uncontested divorce actions developed in certain judicial districts. Disposition of such cases required little more than an administrative hearing, but the process was very time consuming for Judges. To help alleviate this backlog in the Default Calendar, in 1976 the Legislature amended the Judiciary Law and the CPLR to add a limited exception to the blanket prohibition against confidential clerks serving as Referees. In their present form, these statutes provide, in relevant part:

Judiciary Law § 251-a:

"No person holding the office of confidential clerk or law secretary to a justice of the supreme court shall hereafter be appointed by any court or judge in any action or proceeding instituted in the supreme court, a referee, receiver or commissioner, *except that in uncontested matrimonial actions,* a confidential clerk or law secretary who is an attorney in good standing admitted to practice in the state *may be appointed* by an administrative judge *to serve* without fee *as a referee for* the purpose of *hearing and reporting to the court*" (as amended by L 1976, ch 699, § 4; emphasis added).

CPLR 4312:

"3. *No person shall serve as a referee who holds the position of* court clerk, or *clerk,* secretary or stenographer *to a judge;* or who is the partner or clerk of an attorney for any party to the action or occupies the same office with such attorney, *except as provided in paragraph five of this rule* * * *

"5. *In uncontested matrimonial actions,* a court clerk, *law secretary,* or any other nonjudicial employee of the court, who is an attorney in good standing admitted to practice in the state, *may be appointed by an administrative judge* to serve without fee as a referee for the purpose of hearing and reporting to the court" (emphasis added).

Clearly, the matter which is the subject of this appeal was not uncontested. A motion was made, countered by a cross motion, and a hearing was had at which conflicting fact issues

were raised which required determination. In our view, uncontested means precisely what it says, and contemplates only undefended actions where defendant does not appear in any capacity. Where a general provision in a statute (CPLR 4312 [3]; Judiciary Law § 251-a) has certain limited exceptions (CPLR 4312 [5]; Judiciary Law § 251-a), all doubts should be resolved in favor of the general provision rather than the exceptions (McKinney's Cons Laws of NY, Book 1, Statutes § 213, at 372-373). Therefore, we conclude that it was contrary to law for the court to appoint its confidential clerk as Referee in this matter.

The matter does not end here, however. The question remains whether the improper appointment of the Referee in this case was an error of such magnitude as to require a nullification of the Referee's report and a reversal of the order which relied upon the report. We conclude that, in this case, where the parties agreed to the hearing before the Referee without objection, such a result is not necessary and, indeed, would be inappropriate.

Both Judiciary Law § 251-a and CPLR 4312 specifically address who is disqualified to serve as a Referee, rather than the court's inherent power to appoint a Referee. The disqualification of the Referee does not affect the court's jurisdiction and the parties may waive any objection to his qualifications by submitting to a hearing before him (*Marine Midland Bank v Brown*, 115 AD2d 523, 524; *Klein v Klein's Outlet*, 268 App Div 27, 28; *Fisher v Fisher*, 223 App Div 19, 21, *affd* 250 NY 313). "Because a collateral attack on a judgment on the ground that it is tainted by the presence of an unqualified referee should not be permitted, the defect is not 'jurisdictional' for all purposes" (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4312.03, at 43-16). The court clearly had jurisdiction of the motion when it was brought and its reference of the case to obtain an advisory nonbinding report, which it was free to reject, did not in any way divest it of its jurisdiction. The submission of an issue to a Referee affects only the mode of trial, not the jurisdiction of the court (Siegel, NY Prac § 379, at 493). Furthermore, it is well settled that a party may not challenge the qualifications of a Referee for the first time on appeal (*Matter of Wolf v Assessors of Town of Hanover*, 308 NY 416; *Matter of Powley v Dorland Bldg. Co.*, 281 NY 423; *Marine Midland Bank v Brown, supra*).

A review of the record indicates ample support for the court's determination to modify the divorce decree to provide

that the plaintiff be required to pay child support, and, considering the relative financial circumstances of the parties, the amount is not excessive.

Accordingly, the order appealed from should be affirmed.

CALLAHAN, J. P., GREEN, PINE and LAWTON, JJ., concur.

Order unanimously affirmed, without costs.