*695 OPINION OF THE COURT
Paul A. Victor, J.
Issue Presented
May the court authorize a payment in excess of $500 to a referee appointed to sell property as a result of, among other things, additional services caused by several adjournments of the scheduled sale? In other words, under what circumstances may the court authorize or permit a referee appointed to sell property a fee in excess of $500, as a result of, among other things, additional appearances caused by adjournments of the scheduled sale?
The issue is unsettled and sparsely reported; and the present dispute provides an opportunity for the court to set forth its view on the subject of the total allowable compensation of referees to sell generally. In any event, this decision may provide some guidance to the bar in a legal arena in which the statute and decisional law are neither explicit nor seemingly cognizant of actual practice, i.e., the routine adjournment of foreclosure sales, often without advanced notice to the referee. The court is aware that foreclosure sales are frequently scheduled and then canceled, for reasons which include bankruptcy stays, stays granted by the foreclosure court, or voluntary attempts to resolve the dispute. It appears to be the custom in this county (and many other counties) for referees to seek additional compensation of $500 per scheduled sale, and for plaintiff mortgagees to voluntarily pay such compensation. Indeed, it appears routine to voluntarily pay the referee not only in the circumstance when, as here, the referee has appeared on a date scheduled for a sale and the sale does not go forward, but even in some cases when sales have merely been scheduled and then canceled, with no appearance made by the referee.
It is this custom and practice which has so far escaped review in the reported cases. Moreover, it is unclear whether the referees receiving this enhanced compensation are in compliance with the reporting requirements of part 36 of the Rules of the Chief Judge (22 NYCRR).
Background and Procedural History
This is a foreclosure action in which the court has appointed a referee to sell. As is commonplace in mortgage foreclosure actions, two scheduled sales were canceled by the mortgagee’s counsel after the referee had confirmed the sale dates and ap *696 peared at the courthouse. The reasons for these canceled sales are not disclosed in the record. The referee has been paid the $500 fee which is set forth in the judgment.
In accordance with a custom prevalent at the bar, counsel for the plaintiff mortgagee has seen fit to communicate with the court-appointed referee to sell by letter, with a copy to the court. The letter from counsel for plaintiff states that the mortgagee has been attempting to schedule a foreclosure sale; that the referee has already been paid the amount of $500, although no foreclosure sale has taken place; and that, in the event the referee seeks additional compensation, an application must be made to the court. The letter concludes by stating that plaintiff will seek the appointment of a successor referee in the event the referee fails to communicate within two days with plaintiffs counsel. The court-appointed referee has responded with a letter directly to the court, with a copy to counsel for plaintiff, requesting that the court fix the fee of the referee and award additional compensation in the amount of $1,000, i.e., $500 for each of the scheduled sales less the $500 already paid to the referee.
In the hope of resolving this matter expeditiously, and in view of the fact that the parties have charted their own procedural course by communicating with the court by letter as opposed to motion, this court will deem the letter forwarded to the court by the referee to constitute a motion, and determines as follows:
Law Regarding Compensation of Referees to Sell
CPLR 8003 (b) provides the mechanism for payment of the fees of a referee appointed to sell property pursuant to a judgment of foreclosure. That section states:
“(b) Upon sale of real property. A referee appointed to sell real property pursuant to a judgment is entitled to the same fees and disbursements as those allowed to a sheriff. Where a referee is required to take security upon a sale, or to distribute, apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he or she is also entitled to one-half of the commissions upon the amount secured, distributed or applied as are allowed by law to an executor or administrator for receiving and paying out money. Commissions in excess of fifty dollars shall not be allowed upon a sum bid by a party, and applied upon that party’s judgment, without being paid to the referee. A *697 referee’s compensation, including commissions, upon a sale pursuant to a judgment in any action cannot exceed five hundred dollars, unless the property sold for fifty thousand dollars or more, in which event the referee may receive such additional compensation as to the court may seem proper.” (Emphasis added.)
As noted above, many referees in this and other counties follow a custom and practice whereby they seek, and are often paid, $500 per scheduled sale, whether or not a sale has taken place. Nevertheless, a referee must not assume that local custom has the force of law, or that an entitlement exists to additional compensation merely because a sale has been scheduled, or, if scheduled, canceled. A referee appointed in a foreclosure action is “an officer of the court” (Jorgensen v Endicott Trust Co., 100 AD2d 647, 648 [3d Dept 1984]; see 7-75 Warren’s Weed, New York Real Property, Judicial Sales § 75.05), and must take the utmost care not to violate CPLR 8003 (b), which limits the compensation of the referee to sell at $500. Unless additional compensation is fixed by the court in accordance with CPLR 8003 (b), $500 for the sale is all that can be recovered by the referee. The amount set forth in the statute and mirrored in the judgment of the court is a total amount, and not, as many referees appear to believe, an amount routinely payable per each scheduled closing.
The referee appointed by the court in this action appeared for the scheduled sales, and only then was advised that they were not going forward. Although not at issue in this case, this court cannot permit a referee, who has already received the maximum fee of $500, to demand an additional fee without court approval for merely rescheduling a foreclosure sale, especially when there has been a failure to comply with CPLR 8003 (b).
It is settled that the plaintiff may agree to pay additional compensation to a referee in a foreclosure action. (National Bank of N. Am. v New Paltz Growers, 89 AD2d 647 [3d Dept 1982].) But unless such compensation is voluntarily paid, the referee must go forward with the sale and then seek additional compensation. “If a referee is dissatisfied with and unwilling to accept the statutory fees, and the parties, of their own volition, have failed to agree and stipulate to an acceptable fee, his course of action is to seek relief from the court and not from the parties.” (National Bank of N. Am. v New Paltz Growers, 89 AD2d 647, 648 [3d Dept 1982].) It is therefore evident that the award *698 ing of additional compensation must await the conclusion of the sale, as the power of the court to award additional compensation is dependent on the sale of the property in an amount of $50,000 or more.[1]
Compliance with Part 36 of the Rules of the Chief Judge
The court notes that part 36 of the Rules of the Chief Judge regarding fiduciary appointments provides that “[t]he procedure set forth in this section shall not apply to the appointment of a referee to sell property and a referee to compute whose compensation for such appointments is not anticipated to exceed $550.” (22 NYCRR 36.4 [d] [emphasis supplied].) This language was clearly intended to obviate the filing of a notice of appointment, certification of compliance, and a statement of approval of compensation in “routine” mortgage foreclosure cases. That having been said, there are two ambiguities in the language of the court rule. The first is whether the sum of $550 was intended to reflect an aggregate fee of $550 ($50 for the computation and $500 for the sale), or whether each fee could be in an amount equal to or less than $550. It appears reasonable to assume that the reporting requirement exempts referees from filing if the aggregate fee for both appointments does not exceed $550, both because the rule is drafted in terms of the compensation for such “appointments” (plural), and because in most instances a fee of $550 would be the customary fee in foreclosure cases.[2]
The second ambiguity contained in the court rule is the use of the language “is not anticipated to exceed $550.” The word *699 “anticipate” leaves some question as to whether a referee who receives additional compensation is required to file a notice of appointment, certification of compliance, and a statement of approval of compensation. It may be argued, in any given case, that a referee paid $50 for the computation does not “anticipate” the receipt of a fee in excess of $500 for the sale. But clearly such an interpretation would eviscerate the rule and create an unworkable exception, exempting numerous cases from reporting requirements when a fee well in excess of $500 is actually paid to the referee for the sale of the property.
The court concludes that in cases in which the referee’s fee to compute is $50, and the same person is appointed as referee to sell, in view of the mandate of section 36.4 (b) (2) that a judge may not approve compensation of more than $500 unless the appropriate part 36 filings have been accomplished, this court holds that referees who receive compensation in excess of $500 for a sale (whether pursuant to court order or by stipulation) must comply with section 36.4 and file the appropriate forms.
Conclusion
Turning to the present case, in the court’s view, based on the limited facts before it, the court would be inclined to award the sum of $500 for the actual sale which is to take place in the future, and an additional amount of $350 for each of the closings for which the referee appeared, for a total of $700 in addition to the statutory fee of $500. However, any award of additional compensation, unless agreed by stipulation, must abide the actual sale and the making of an application pursuant to CPLR 8003 (b). This court is thus constrained to deny the present request by the referee as premature.
While it would be preferable to settle the issue prior to the sale, the statute is drafted somewhat inartfully, at least with respect to routine adjournments, which should be compensable when counsel has actually appeared ready to proceed with the sale. However, unless the Legislature acts to streamline the process, the court is bound by the statutory procedure.
It is ordered that the sale be scheduled and proceed as soon as practicable.

. As to the determination whether the sale price exceeded $50,000, which is a prerequisite to an award of an additional fee, there is authority for the proposition that the amount is to be based on the amount actually bid, excluding the amount of the underlying mortgage. (See 2 Bergman, New York Mortgage Foreclosures § 27.03 [2] [“Referee’s Fee to Sell”] [stating that purchase price is the amount bid and citing ancient lower court cases].) This court is not prepared to follow such a rule, which seems manifestly unjust, and is prepared to receive argument on the subject in an appropriate case.

. Fifty dollars per diem is the statutory fee for a referee to compute pursuant to CPLR 8003 (a), which provides: “(a) Generally. A referee is entitled, for each day spent in the business of the reference, to fifty dollars unless a different compensation is fixed by the court or by the consent in writing of all parties not in default for failure to appear or plead.” In Bronx County, it is not unusual to fix compensation at $250 in the order appointing the referee. When a referee is awarded $250 for the computation, and subsequently appointed for the sale, there must be full compliance with the reporting requirements of part 36 because the aggregate fee for both appointments will be $750.