■ SANFORD L. CLARK, Respondent, v THOMAS E. KRUG et al., Appellants. [812 NYS2d 928]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 20, 2004. The order denied defendants' motion for an order directing the recusal of the Referee and affirmed the decision of the Referee in which she refused to recuse herself.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted, the Referee is disqualified and the matter is remitted to Supreme Court, Erie County, for appointment of a different referee.

Memorandum: Plaintiff commenced this action in June 2000 seeking, inter alia, an accounting of the parties' law partnership, which was dissolved upon plaintiff's withdrawal therefrom in 1999. In 2001 Supreme Court appointed a referee to "preside over discovery, preside over any trial of fact, and recommend issuances of orders and judgments" to the court. The Referee, upon learning that an associate at her law firm had once represented plaintiff, promptly disclosed that information to the parties. By letter to the Referee dated September 21, 2004, defendants sought her recusal. By decision dated October 18, 2004, the Referee denied defendants' request, noting that the Judiciary Law does not mandate disqualification and that she "searched [her] soul and [she found] nothing which might in any way [a]ffect [her] impartiality, [her] actions, or the outcome of this case." By order to show cause granted October 21, 2004, defendants sought an order directing the recusal of the Referee. Supreme Court erred in denying defendants' motion and in "affirm[ing]" the decision of the Referee in which she refused to recuse herself.

CPLR 4312 (3) provides in relevant part that "[n]o person shall serve as referee . . . who is the partner or clerk of an attorney for any party to the action or occupies the same office with such attorney, except [in uncontested matrimonial actions]." "For obvious reasons of potential prejudice, an attorney for a party to the action, and others connected with that attorney, are . . . barred from serving as a referee" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4312, at 368). Consequently, we reverse the order, grant defendants' motion, disqualify the Referee and remit the matter to Supreme Court for appointment of a different referee. Present—Hurlbutt, J.P., Scudder, Kehoe and Hayes, JJ.