SANFORD L. CLARK, Respondent, v THOMAS E. KRUG et al., Appellants. [848 NYS2d 466]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered February 12, 2007. The order denied defendants' motion for an order vacating the prior decisions and orders of the Referee.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, an accounting of the parties' law firm following his withdrawal from the partnership and its resulting dissolution. Supreme Court appointed a referee in March 2001 to hear the matter and make recommendations to the court (*see* CPLR 4311). In September 2004 the Referee discovered that an associate in the firm to which she was of counsel had worked on plaintiff's case approximately four years earlier, when the associate was employed by another law firm. On a prior appeal, we granted defendants' motion seeking to disqualify the Referee pursuant to CPLR 4312 (3) (*Clark v Krug*, 28 AD3d 1122 [2006]). By the motion that is the subject of this appeal, defendants thereafter sought to vacate the prior "decisions and orders" of the Referee.

We conclude that the court properly denied the motion. Although the mandatory recusal of a judge deprives that judge of jurisdiction, thereby rendering all of his or her decisions and orders null and void (*see Matter of Harkness Apt. Owners Corp. v Abdus-Salaam*, 232 AD2d 309 [1996]; *see generally People v Berry*, 23 AD2d 955 [1965], *cert denied* 385 US 1017 [1967]), the disqualification of a referee does not affect the jurisdiction of the court (*see Matter of Treider v Lamora*, 44 AD3d 1241 [2007]; *Matter of Scinta v Scinta*, 129 AD2d 262, 265 [1987]). Thus, contrary to defendants' contention, the disqualification of the

Referee herein does not require the nullification of her "decisions and orders" as a matter of law (*see Scinta*, 129 AD2d at 265). We conclude that, because there was no actual impropriety or actual prejudice to defendants, the proceedings prior to the Referee's disqualification remain valid (*see generally Matter of Gerald R.M.*, 12 AD3d 1192, 1194 [2004]; *Rochester Community Individual Practice Assn. v Excellus Health Plan* [appeal No. 2], 305 AD2d 1007, 1008 [2003], *lv dismissed* 1 NY3d 546 [2003]; *cf. McCormick v Walker*, 158 App Div 54, 56 [1913]). Present—Scudder, P.J., Hurlbutt, Lunn, Fahey and Pine, JJ.